**PORZIO, BROMBERG & NEWMAN P.C.**
100 Southgate Parkway
Morristown, NJ  07962-1997
(973) 538-4006
*Attorneys for Defendant Sovran Self Storage, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUAN CASTRO, JR., on behalf of himself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOVRAN SELF STORAGE, INC. (t/a UNCLE BOB'S SELF STORAGE),<br><br>Defendant. | CIVIL ACTION NO. _____<br><br>**NOTICE OF REMOVAL**<br><br>*Document Electronically Filed Via ECF System* |

TO:    William T. Walsh, Clerk
         United States District Court
         Mitchell H. Cohen U.S. Courthouse
         1 John F. Gerry Plaza
         Camden, NJ  08101

WITH NOTICE TO:

Clerk, Superior Court of New Jersey
Finance Division, Courts Facility, 1st Floor
49 Rancocas Rd.
P.O. Box 6555
Mount Holly, NJ  08060

Michael A. Galpern, Esq.
James A. Barry, Esq.
LOCKS LAW FIRM, LLC
801 N. Kings Hwy.
Cherry Hill, NJ 08034
*Attorneys for Plaintiff*

Charles N. Riley, Esq.
LAW OFFICES OF CHARLES N. RILEY, LLC
900 N. Kings Hwy.
Cherry Hill, NJ 08034
*Attorneys for Plaintiff*

J. Stewart Grad, Esq.
J. STEWART GRAD, P.A.
223 Main St.
Woodbridge, NJ 07095
*Attorneys for Plaintiff*

2892347

PLEASE TAKE NOTICE that defendant, Sovran Self Storage, Inc. ("Defendant"), by and through its attorneys, Porzio, Bromberg & Newman PC, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Burlington County, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 and respectfully states:

I. **BACKGROUND**

1. On or about August 25, 2014, plaintiff Juan Castro, Jr. ("Plaintiff") commenced this putative class action against Defendant by filing a Class-Action Complaint ("Complaint") in the Superior Court of the State of New Jersey, Law Division, Burlington County, which was assigned docket no. BUR-L-2020-14.

2. The Complaint alleges, *inter alia*, that Defendant has engaged in "deceptive, unconscionable and unlawful practices against Plaintiff and members of the [putative class] by displaying, showing, giving, offering and/or entering into form [storage unit rental] contracts, which are identical to or substantially similar to the RENTAL AGREEMENT-NEW JERSEY," which Plaintiff refers to as the "Agreement" and attaches to the Complaint.  (*See* Complaint ¶ 15 & Agreement, Exh. A, included with **Exhibit 1** hereto.)

3. As more fully set forth below, this case is being properly removed to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

## II.     PROCEDURAL REQUIREMENTS ARE SATISFIED

4.     Plaintiff attempted service by sending a copy of the Complaint to Defendant via FedEx, which was received on September 17, 2014.[1]

5.     This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b)(2)(B) because it is being filed within thirty days of Defendant's receipt of Plaintiff's initial pleading.

6.     Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon Defendant is attached as **Exhibit 1**.

7.     Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal along with a Notice of Filing the Notice of Removal is being served on counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of New Jersey, Law Division, Burlington County.

8.     Venue is proper within the District of New Jersey pursuant to 28 U.S.C. §110 and 28 U.S.C. §1441 because it is the district and division embracing the place where such action is currently pending.

9.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. 28 U.S.C. § 1446(a).

## III.    THIS COURT HAS SUBJECT MATTER JURISDICTION

10.    This Court has jurisdiction of this action pursuant to the Class Action Fairness Act ("CAFA"), codified in various statutory sections including 28 U.S.C. §1332(d), and this case is subject to removal under CAFA.

11.    Under CAFA, a putative class action may be removed where (a) any member of a class of plaintiffs is a citizen of a State different from any defendant (b) the putative class

---

[1] This Notice of Removal does not waive any objection to defects in process or service of process, jurisdiction, venue, or any other defense.

consists of more than 100 members; and (c) the amount in controversy is $5,000,000 or more, when the claims of putative class members are aggregated (exclusive of interests and costs). *See* 28 U.S.C. § 1332(d).

12. Because this putative class action satisfies these requirements, this Court has subject matter jurisdiction over this action.

### A. Minimal Diversity of Citizenship Exists

13. The Complaint indicates that Plaintiff is a resident and citizen of New Jersey. The Agreement that he alleges he signed, and which is attached to the Complaint and expressly "incorporated as if fully alleged herein" lists his address as 4 Heather Dr., Edison, NJ 08820 and his New Jersey Driver's License number. (Complaint ¶ 15 & Exh. A; *see also* Exh. B.) Plaintiff alleges that he leased storage space at an Uncle Bob's Storage Space facility in Hillsborough, New Jersey. (Complaint ¶ 21) He further alleges that Defendants' conduct is part of a scheme to "obtain moneys from New Jersey consumers such as Plaintiff and members of the Class." (Complaint ¶ 17)

14. Defendant is a Maryland corporation with its principal place of business at 6467 Main Street, Buffalo, New York. (*See* Declaration of Andrew J. Gregoire ¶ 3, attached hereto as **Exhibit 2**.) Accordingly, Defendant is not a citizen of New Jersey. 28 U.S.C. § 1332(d)(10).

15. Further, the Complaint seeks relief on behalf of a putative class defined to include "[a]ll persons, who since August 19, 2008, (or such date as discovery may disclose) to whom from [sic] contracts, the preprinted portions of which were identical or substantially similar to the Agreement . . . have been given, displayed, offered, signed and/or entered into, in New Jersey

presented by or on behalf of Defendant or its agents." (Complaint ¶ 45.a; *see also id*. ¶¶ 45.b & 45.c.)

16. Because Defendant is not a New Jersey citizen and the allegations in the Complaint include plaintiff and other putative class members who are citizens of a State different from Defendant, CAFA diversity jurisdiction exists. 28 U.S.C. §1332(d)(2)(A).

**B.     The Putative Class Consists Of More Than 100 Members**

17. The Complaint alleges that Defendant "offered, gave, displayed, and entered into, upon information and belief, ***thousands of Agreements***, which contain the same or substantially similar unenforceable provisions, to and with thousands of New Jersey consumers." (Complaint ¶ 18, emphasis added)  The Complaint also states that "well over 500 persons" are in the putative class. (Complaint ¶ 47)

18. Therefore,  CAFA's requirement that the putative class consist of more than 100 members is satisfied.  28 U.S.C. §1332(d).

**C.     The Amount-In-Controversy Exceeds $5 Million Dollars**

19. The claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. §1332(d)(6).  Here, Plaintiff's claims more than exceed the jurisdictional threshold.

20. Plaintiff demands judgment "on behalf of himself and others similarly situated" for "[c]ivil penalties, attorneys fees and costs of suit" and "[e]ntry of judgment in favor of Plaintiff and each class member for damages suffered as a result of the conduct alleged herein [including] compensatory damages, treble damages, statutory penalties, interest and prejudgment interests [sic]." (Complaint at 16-17)

21. Count One of the Complaint asserts that the Defendant violated the New Jersey Truth in Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14, *et seq.*, and "is liable to Plaintiff and each class member for a ***minimum statutory penalty of $100.00***, as well as any actual damages and attorney's fees and costs." (Complaint ¶¶ 53-56, emphasis added)

22. Count Two of the Complaint asserts that Defendant violated the New Jersey Consumer Fraud Act, N.J.S.A 56:8-1 *et seq.*, ("CFA"), and that Plaintiff and the class members have sustained ascertainable losses for which Defendant is liable. (Complaint ¶¶ 58-60) Plaintiff alleges that he "has sustained damages and an ***ascertainable loss of over $5,000*** for his personal property he stored at Defendant's storage space as a result of the Defendant's negligence and refusal to be responsible for any losses resulting from Defendant's negligence." (Complaint ¶ 43) Additionally, Plaintiff asserts that he is a member of the putative class and that his claim "is not only typical of all class members, it is ***identical***." (Complaint ¶ 48.f, emphasis added)

23. Under the CFA, a court shall "award threefold the damages" to any person who suffers any ascertainable loss as a result of any unlawful practice, as well as "reasonable attorneys' fees, filing fees and reasonable costs of suit." N.J.S.A. 56:8-19. Thus, these potential CFA awards must be taken into account when determining the amount in controversy. *See, e.g., Frederico v. Home Depot, Inc.,* 507 F.3d 188, 197-99 (3d Cir. 2007). Attorneys' fees could be "as much as 30% of the judgment." *Id*. at 199 (citations omitted).

24. Based on Plaintiff's allegations that he is entitled to damages of over $15,100 (ascertainable loss of "over $5,000," trebled, and a $100 statutory penalty) plus attorneys' fees, filing fees, and costs of suit, and that his claim is "identical" to each class member, and that the

6

unlawful Agreements at issue number in the "thousands," the amount in controversy here clearly exceeds the $5 million CAFA threshold.

25. Indeed, if there were 500 class members and each had a claim of $15,100, the amount in controversy would exceed $7.5 million – without even factoring in attorneys' fees, filing fees, and costs of suit.

26. Furthermore, as set forth in the Declaration of Andrew J. Gregoire (at ¶ 6), during the putative class period, the total number of rental agreements entered into for storage units at Uncle Bob's Self Storage® facilities in New Jersey exceeds 43,294. If Plaintiff establishes that Defendant is liable to pay a penalty of $100.00 for each such agreement pursuant to N.J.S.A. 56:12-17, this alone would represent $4,329,400. Because this statute also provides for an award of "reasonable attorney's fees and court costs," which could potentially be 27-30% of the judgment, the amount in controversy based only on this statute exceeds $5 million. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 303 (3d Cir. 2005), as amended (Feb. 25, 2005).

WHEREFORE, Defendant respectfully removes this action from the Superior Court of the State of New Jersey, Law Division, Burlington County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

PORZIO, BROMBERG & NEWMAN P.C.
100 Southgate Pkwy., PO Box 1997
Morristown, NJ 07962-1997
(973) 538-4006
(973) 538-5146 Fax
spbenenson@pbnlaw.com
*Attorneys for Defendant Sovran Self Storage, Inc.*

Date: October 17, 2014

By: */s Steven P. Benenson*
Steven P. Benenson
An Attorney of the Firm

2892347

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused to be mailed via Lawyers Service a Notice to Adverse Party of Filing of Notice of Removal enclosing a copy of the foregoing Notice of Removal and exhibits thereto, as well as a copy of a Notice to Clerk of the Superior Court of Filing of Notice of Removal, to the following counsel for plaintiff:

Michael A. Galpern, Esq.
James A. Barry, Esq.
LOCKS LAW FIRM, LLC
801 N. Kings Hwy.
Cherry Hill, NJ 08034

J. Stewart Grad, Esq.
J. STEWART GRAD, P.A.
223 Main St.
Woodbridge, NJ 07095

Charles N. Riley, Esq.
LAW OFFICES OF CHARLES N. RILEY, LLC
900 N. Kings Hwy.
Cherry Hill, NJ 08034

I further certify that on this date, I caused to be mailed via Lawyers Service a Notice to Clerk of the Superior Court of Filing of Notice of Removal, to:

Clerk, Superior Court of New Jersey
Finance Division, Courts Facility, 1st Floor
49 Rancocas Rd.
P.O. Box 6555
Mount Holly, NJ  08060

Date:  October 17, 2014

*/s Steven P. Benenson*
Steven P. Benenson

2892347