## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN CASTRO, JR., on behalf of himself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOVRAN SELF STORAGE, INC. t/a UNCLE BOB'S SELF STORAGE, SOVRAN ACQUISITION LP; and UNCLE BOB'S MANAGEMENT LLC<br><br>Defendants. | CIVIL ACTION NO. 1:14-cv-06446-RBK-JS<br><br><br>*Document Electronically Filed Via ECF System* |

## CLASS SETTLEMENT AGREEMENT

### I.   INTRODUCTION

This Settlement Agreement ("Agreement") is made and entered into by and between Plaintiff Juan Castro, Jr. ("Plaintiff" or "Castro"), on his own behalf and on behalf of the Settlement Classes defined below, and Defendants Sovran Self Storage, Inc. ("Sovran"), Sovran Acquisition, Limited Partnership ("SALP"), and Uncle Bob's Management LLC ("UBM") (collectively referred to as "Defendants" and now known as Life Storage, Inc. ("Life Storage")).

### II.   RECITALS

1)   On or about August 25, 2014, Plaintiff commenced this putative class action against Defendants by filing a Class-Action Complaint in the Superior Court of the State of New Jersey, Law Division, Burlington County, which was assigned docket no. BUR-L-2020-14. Defendants removed the action to this court on October 17, 2014.

2)   Plaintiff filed various amended complaints during the pendency of the action. A Third Amended Complaint, which is the operative pleading, was filed on October 20, 2016 [ECF

#101]. Defendants filed an Answer specifically denying the allegations of the Third Amended Complaint. [ECF #108]

3)      Defendant Sovran is a self-administered and self-managed real estate investment trust that acquires, owns and manages self-storage properties under the trade name Uncle Bob's Self Storage®.

4)      Defendant SALP owns and manages and Defendant UBM manages certain Uncle Bob's stores in New Jersey.  Uncle Bob's rents self-storage units to both business and individual customers.

5)      A small percentage of Uncle Bob's New Jersey business customers, typically national companies, participate in its "Corporate Alliance" program.  The remaining Uncle Bob's customers are individuals that rent storage units for personal or business uses, or a combination of both, and are included in the putative classes.

6)      This action arises out of Plaintiff's storage of personal property at an Uncle Bob's facility in Hillsborough, New Jersey.  In conjunction with his lease, Plaintiff initially signed an Uncle Bob's Rental Agreement – New Jersey ("Rental Agreement") and a "Bader Personal Property Insurance Participation Form" (the "Insurance Form") (which provided property damage coverage by Bader Company, a non-party licensed insurance agent and placed with PMAIC, an admitted insurer), and later signed a Notice to Vacate form upon termination of the lease.

7)      Plaintiff alleges that the Rental Agreement, the Insurance Form, and the Notice to Vacate include provisions that violate the New Jersey Truth-in-Consumer Contract Warranty and Notice Act, N.J.S.A. 56:12-14, *et seq.* ("TCCWNA") and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* ("CFA").  Castro also asserted several insurance claims: (i) that Sovran

2

violated the TCCWNA and the CFA by allegedly engaging in the unlicensed sale of insurance as prohibited by the Insurance Producer Licensing Act ("IPLA") N.J.S.A. 17:22A-26, *et seq.*; (ii) that Sovran violated the CFA by allegedly failing to provide a copy of the insurance certificate to Castro; (3) that Defendants violated the CFA because the insurance program allegedly was "phantom coverage" that did not cover mold and mildew-related property losses Castro suffered during the lease; and (4) that Defendants violated the CFA by allegedly charging "inflated" or "unconscionably high" premiums for the property damage insurance.

8)      Defendants deny these allegations, and further specifically deny that they were, or are, liable for the claims asserted in the Third Amended Complaint.  Defendants particularly deny that the Lease Agreement, Insurance Form or Notice to Vacate violate the TCCWNA or CFA or that the property damage insurance program violates IPLA, TCCWNA or CFA.[1] Defendants maintain that these documents and the insurance program otherwise comply with all governing statutes, regulations and laws.  Defendants further contend that Plaintiff cannot establish the prerequisites for certification of the putative classes.

9)      The attorneys representing Plaintiff and proposed Class Counsel for the Settlement Classes (as defined below), the Locks Law firm ("Class Counsel"), are experienced in litigating class action claims of the type involved in this matter.

10)     Plaintiff and Defendants have engaged in substantial discovery, including interrogatories, requests for admission, depositions, and the production of voluminous documents, and significant motion practice.

---

[1] The district court previously dismissed Castro's TCCWNA claims based on provisions of the Rental Agreement (i) limiting the value of stored property, (ii) waiving right to jury trial, and (iii) stating that certain provisions of the Rental Agreement may be unenforceable in New Jersey.  The Court did find that Castro stated a claim under the TCCWNA and the CFA based on a lien sale preparation fee and the exculpatory and indemnification clauses contained in both the Rental Agreement and the Vacate Notice and under the CFA for failing to provide a copy of the insurance certificate.  The Court also dismissed plaintiff's TCCWNA and CFA claims for allegedly acting as an unlicensed broker under IPLA.  The other insurance-related claims have not been adjudicated.

3

11)    The parties have engaged in extensive, good-faith and arms-length settlement negotiations during a full-day mediation on June 20, 2017 before the Hon. John E. Keefe (retired).    These negotiations involved exchanges of the parties' positions, relevant legal authorities, customer, financial and other data and other information.  The parties agreed to a settlement framework, the terms of which were memorialized in a Memorandum of Understanding executed on that day.   Negotiations regarding the terms of this Settlement Agreement continued to the date of its execution.  Defendants have agreed to provide monetary relief to members of the Settlement Classes pursuant to the Settlement Agreement in exchange for the release of certain claims by Plaintiff and the Settlement Class Members as more fully set forth in the Settlement Agreement.

12)    Plaintiff and Defendants, and their respective attorneys of record, taking into account the risks, uncertainties, delay, and expense involved in this matter, as well as other relevant considerations, have concluded that it is in the best interests of Plaintiff, the potential classes, and Defendants to compromise and settle this matter fully and finally in the manner and upon the terms and conditions set forth herein.  Plaintiff and Defendants intend that this Agreement will end and encompass all pending, threatened, or possible litigation and/or claims against Defendants involving Self-Storage Rental Transactions in the State of New Jersey that allege or involve the alleged presentment or use of Rental Agreements, Insurance Forms or Vacate Notices, or the provision of property damage insurance, for the members of the Settlement Classes, as alleged in the Third Amended Complaint, upon entry of a final order approving this Agreement.

13)    Plaintiff and Defendants specifically agree that Defendants' execution of this Agreement is not, and shall not be construed as, an admission by Defendants or deemed to be

evidence: (i) of the validity of any of the claims made by Plaintiff on behalf of himself and the members of the Settlement Classes or of any liability to Plaintiff or to any Class Member (as defined below); or (ii) that Defendants acted unlawfully in any manner; or (iii) that this matter is properly maintainable as a contested class action certifiable under Fed. R. Civ. P. 23.

14)     Plaintiff and Defendants further agree that none of the communications, correspondence, proposals, or emails exchanged by the parties in negotiating the settlement called for by this Agreement, nor any of the terms of any such documents, including the Memorandum of Understanding and this Agreement, and any drafts thereof, may be offered or admitted in any proceeding as an admission of Defendants or shared with any person other than Plaintiff or any Class Member without Defendants' express written consent, except (1) in proceedings to enforce compliance with this Agreement, (2) in defense of any claims released or barred by this Agreement, or (3) if any Party is legally compelled to do so in response to a subpoena or otherwise.

15)     The relief provided to the Class Members and the procedures set forth in this Agreement for the distribution of relief provide a fair, flexible, efficient, and assured monetary settlement.  Thus, this Agreement provides considerable benefit to the Class Members while avoiding costly litigation of difficult and contentious issues.

16)     Based on Class Counsel's extensive analysis of the law and facts at issue in this matter, and the fair, flexible, efficient, and assured procedures for providing a monetary settlement to the Class Members, Plaintiff (after consultation with Class Counsel), has determined that this Agreement is fair, adequate, and reasonable, and thus, in the best interests of the Class Members.

3727432

III.   **DEFINITIONS**

These definitions are applicable to this Agreement.

1.   "Action" or "the Action" means the case of *Juan Castro, Jr. v. Sovran Self Storage, Inc. t/a Uncle Bob's Self Storage, Sovran Acquisition LP and Uncle Bob's Management LLC,* Civ. Action No. 1:14-cv-06446-RBK-JS, pending in the United States District Court for the District of New Jersey.

2.   "Claim" means an entitlement by a Class Member to a Settlement Payment.

3.   "Claimant" means any Class Member who is entitled to a Settlement Payment.

4.   "Claims Administrator" means the person or entity mutually agreed to by the parties and retained and supervised by Defendants to administer the claims process, including managing the notification to the Class Members, processing the Claims, and distributing the Settlement Payments, or any successor or assistant so appointed.   In the event that the parties cannot agree to a Claims Administrator, one shall be selected by the mediator, the Hon. John E. Keefe.

5.   "Claims Administrator's Fee" means the fee paid to the Claims Administrator to perform the tasks required or permitted by this Agreement.

6.   "Claims Administration Period" means the time from the Preliminary Approval Date to the date 90 days after the Claim Finalization Date.

7.   "Claim Finalization Date" means the date on which the Claims Administrator certifies the list of authorized Claims for Settlement Payment.

6

8.    "Class," "Class Members," "Settlement Classes" and "Settlement Class Members" mean:

### TCCWNA CLASS

All natural persons who entered into Rental Agreements with Defendants in the State of New Jersey between January 1, 2011 and March 9, 2016.

### CFA CLASS

All natural persons who purchased insurance coverage from Bader Company/PMAIC through Defendants in the State of New Jersey, between January 1, 2011 and the date of preliminary approval of the class settlement.

Excluded from these Classes are: all judges of the United States District Court for the District of New Jersey, all "Corporate Alliance" customers of Defendants, Defendants, and all current directors, officers, employees of Defendants.

9.    "Class Counsel" or "Settlement Class Counsel" means the Locks Law Firm LLC.

10.    "Class Counsel's Fees" means the attorneys' fees awarded to Class Counsel by the Court for the Action.

11.    "Class Counsel's Expenses" means all costs and expenses incurred by Plaintiff and Class Counsel in the Action.

12.    "Class Period" means the time period specified in the definitions of each class in paragraph 8 above.

13.    "Costs of Administration" means all of those costs actually incurred by the Claims Administrator for its services pursuant to this Agreement, which the Claims Administrator shall invoice to Defendants, including, but not limited to, the Costs of Notice, the cost of reviewing, processing and reviewing Claims, and the cost of distributing Settlement Payments.

7

14. "Costs of Notice" means all of those costs actually incurred by the Claims Administrator and invoiced to Defendants for the printing, mailing, and publication, including electronic publication, of the Notice.

15. "Court" shall mean and refer to the United States District Court for the District of New Jersey.

16. "Direct Mail Finalization Date" means the date on which Defendants certifies to the Claims Administrator that the list of Class Members to receive Direct Mail Notice has become final.

17. "TCCWNA Class Payment" means the equal share of the TCCWNA Class Settlement Fund, net of the allocated portion of Class Counsel's Fees and Expenses and the Plaintiff's Incentive Fee, payable to each qualified TCCWNA Class Member, based on the number of Self-Storage Rental Transactions, as determined by Defendants' data analytic expert. A Class Member shall be entitled to an equal share for each Self-Storage Rental Transaction in which he or she participates.

18. "CFA Class Payment" means the *pro rata* share of the CFA Class Settlement Fund, net of the allocated portion of Class Counsel's Fees and Expenses and the Plaintiff's Incentive Fee, payable to each qualified CFA Class Member, based on the ratio of the premiums paid by each Class Member for Bader Personal Property Insurance to the total of all premiums paid by all Class Members during the Class Period, as determined by Defendants' data analytic expert.

19. "Final Judgment" and "Final Approval Order" mean the order approving the Settlement and this Agreement.

20.    "Final Settlement Date" means the date on which the Final Judgment approving this Agreement becomes final.  For purposes of this definition, the Final Judgment shall become final on the later of:

    (a)    if no appeal is taken, the day after the date on which the time to appeal has expired;

    (b)    if any appeal is taken, the day after the date on which all appeals, including motions for rehearing or reargument, motions for review, motions for certification and any other form of review, have been finally disposed of in a manner resulting in affirmance or upholding of all the material provisions of the Final Judgment; or

    (c)    on such other date after entry of the Final Judgment as counsel for the Parties agree to in writing.

21.    "Final Settlement Hearing" means the hearing to be conducted by the Court to determine whether to enter the Final Judgment.

22.    "Notice" shall mean and refer to the "Notice of Proposed Class Action Settlement, Fairness Hearing and Right to Appear, attached as Exhibits "A" (the "Direct Mail Notice"), Exhibit "B" (the "Publication Notice") and Exhibit "C" (the "Website Notice").

23.    "Objection and Opt-Out Deadline Date" means the date twenty-one (21) days prior to the Final Settlement Hearing, or as otherwise set by the Court.  It is the date by which Class Members must file and serve a written statement objecting to the Settlement, the Class Counsel's Fee and Expense Award or Plaintiff's Incentive Award and a written notice of intention to appear if they intend to present objections to the Settlement or to the application for payment of the Class Counsel's Fee and Expense Award.

24.    "Sovran" shall refer to defendant Sovran Self Storage, Inc.

25.    "SALP" shall refer to defendant Sovran Acquisition, Limited Partnership.

26.    "UBM" shall refer to defendant "Uncle Bob's Management LLC.

3727432

27.   "Defendants" shall refer collectively to Sovran, SALP and UBM together with their parent companies, subsidiaries, divisions, affiliates, joint venturers, special purpose entities, and their respective predecessors, successors and assigns.

28.   "Parties" means the Plaintiff and Defendants.

29.   "Plaintiff" means Juan Castro, Jr., residing at 155 Autumnwood Ave, York, PA, 17404, individually on his own behalf and as representative the Class Members.

30.   "Plaintiff's Incentive Award" means a payment to Castro to compensate him for serving as the Class Members' representative.

31.   "Preliminary Approval Date" means the date of entry of the Court's order granting preliminary approval of the Settlement in the form of the Preliminary Approval Order attached to this Agreement as Exhibit "D," without any substantive change in the reasonable judgment of any Party.

32.   "Preliminary Approval Order" means the order granting preliminary approval of the Settlement in the form of the Preliminary Approval Order attached to this Agreement as Exhibit "D," without any substantive change in the reasonable judgment of any Party.

33.   "Self-Storage Rental Transaction" means the rental of a self-storage unit owned or managed by Defendants in the State of New Jersey to Class Members who were presented with, or signed a Rental Agreement, Insurance Form or Vacate Notice, or obtained property damage insurance through Defendants and Bader/PMAIC.

34.   "Released Parties" mean Sovran, SALP, UBM, Life Storage and Bader Company together with their parent companies (including intermediate parents and ultimate parents), subsidiaries, divisions, affiliates, joint venturers, special purpose entities, predecessors, successors, and assigns, and each of their respective present and former officers, directors,

10

employees, agents, servants, managers, attorneys, insurers, reinsurers, shareholders, partners, trustees, receivers, representatives, heirs, administrators, executors, successors and assigns, and any other person or entity acting on their behalf.

35.    "Reversion Finalization Date" means the date ninety (90) days after the issuance of all Settlement Payments.

36.    "Settlement" means the complete settlement and conclusion of the Action against Defendants, including all claims that were or could have been asserted in the Action against Defendants arising out of Self-Storage Rental Transactions.

37.    "Settlement Payment" means a payment by check to a TCCWNA Class Member or CFA Class Member, as the case may be, made pursuant to Sections IV. B. 2. (c) and (d) of this Agreement.

38.    "Unclaimed TCCWNA Settlement Funds" means any and all Settlement Payments to TCCWNA Class Members who cannot be located after reasonable efforts, are returned as undeliverable, or are not cashed within 90 days of issuance.  All Settlement Payments shall bear a legend that they are void if not cashed within 90 days of issuance.  Any Settlement Payment that is returned as undeliverable shall be destroyed and reissued if a forwarding address is reasonably available.  Any reissued Settlement Payment shall contain a new expiration legend.

39.    "Unclaimed CFA Settlement Funds" means any and all Settlement Payments to CFA Class Members who cannot be located after reasonable efforts, are returned as undeliverable, or are not cashed within 90 days of issuance.  All Settlement Payments shall bear a legend that they are void if not cashed within 90 days of issuance.  Any Settlement Payment that is returned as undeliverable shall be destroyed and reissued if forwarding address is reasonably available.  Any reissued Settlement Payment shall contain a new expiration legend.

40.   "TCCWNA Settlement Fund" means the complete, all-inclusive and maximum total amount to be paid by Defendants to the TCCWNA Class Members as further defined in Section IV. B. 2 (c) below.

41.   "CFA Settlement Fund" means the complete, all-inclusive and maximum total amount to be paid by Defendants to the CFA Class Members as further defined in Section IV. B. 2 (d) below.

42.   "Total Settlement Fund" means the complete, all-inclusive and maximum total amount to be paid by Defendants as further defined in Section IV. B. 1 below.

## IV.   SETTLEMENT TERMS

Plaintiff and Defendants enter into this Agreement to resolve fully and finally all claims of Plaintiff and the Class Members against Defendants arising out of Self-Storage Rental Transactions that were or could have been asserted in the Action.

**A.**   **Certification of a Settlement Class.**  Subject to Sections IV. F. 4 and IV. G. 4 (c) of this Agreement, Defendants will not oppose and will support the Plaintiff's Motion for Preliminary Approval of the Settlement Agreement and Plaintiff's Motion for Final Approval of the Settlement Agreement.

**B.**   **The Total Settlement Fund.**

**1.**   **Creation of the Total Settlement Fund.**

Not later than ten (10) days after the Preliminary Approval Date, Defendants shall wire transfer to two interest bearing checking accounts established by the Claims Administrator the sums of: (1) four million two hundred twenty-five thousand dollars ($4,250,000) for the TCCWNA Settlement Fund and (2) three million seven hundred fifty thousand dollars ($3,750,000) for the CFA Settlement Fund.  The total of these two accounts, eight million dollars

($8,000,000), shall constitute the Total Settlement Fund.  Subject to the provisions below, the Total Settlement Fund shall satisfy payment of the Plaintiff's Incentive Award, all Settlement Payments, Class Counsel's Fees, and Class Counsel's Expenses.  Except as otherwise provided in this Agreement, under no circumstance shall Defendants' liability to the Total Settlement Fund exceed the sum of eight million dollars ($8,000,000), and Defendants shall have no further obligation to make any additional payments to the Total Settlement Fund.  Defendants shall retain exclusive control over the escrowed settlement funds.

2. **Distribution From the Total Settlement Fund.**  All payments to be made pursuant to this Agreement from the Total Settlement Fund shall be made with the following priority:

(a).    **Plaintiff's Incentive Award.** Subject to the terms of this Agreement, Defendants shall pay an Incentive Award of fifteen thousand dollars ($15,000) to Plaintiff within four (4) business days of the Final Settlement Date by wire transfer to Class Counsel's trust fund.   Plaintiff's Incentive Award shall be deducted from the TCCWNA Settlement Fund and the CFA Settlement Fund in proportion to the ratio of their respective values to the Total Settlement Fund.[2]

(b).    **Class Counsel's Fees and Class Counsel's Expenses.**  Subject to the terms of this Agreement, Defendants shall pay Class Counsel's Fees and Class Counsel's Expenses, in an amount to be determined by the Court, which shall not exceed thirty percent (30%) of the Total Settlement Fund, within four (4) business days of the Final Settlement Date by wire transfer to Class Counsel's trust fund.  Class Counsel's Fees and Class Counsel's Expenses shall be deducted from the remainder TCCWNA Settlement Fund and the CFA

---

[2] This ratio is 53.125% for the TCCWNA Class Member Fund and 46.875% for the CFA Class Member Fund.

Settlement Fund in proportion to the ratio of their respective values to the Total Settlement Fund. Defendants agree not to contest Class Counsel's application for fees and expenses.

(c).    **TCCWNA Class Member Payments**.  Subject to the terms of this Agreement, the balance of the TCCWNA Settlement Fund shall be equally divided and paid to the TCCWNA Class Members based on the number of Self-Storage Rental Transactions participated in by each TCCWNA Class Member, as determined by Defendants' data analytic expert.  Defendants agree to provide the Claims Administrator with any information necessary to make the TCCWNA distribution.  Such Settlement Payments shall be made within thirty (30) days of the Claims Finalization Date.  No further payment shall be required or made to any TCCWNA Class Member under the Settlement unless he or she also qualifies as CFA Class Member.

(d).    **CFA Class Member Payments**.  Subject to the terms of this Agreement, the balance of the CFA Settlement Fund shall be divided and paid *pro rata* to the CFA Class Members based on the amount of premiums paid by each CFA Class Member. Defendants agree to provide the Claims Administrator with any information necessary to make the CFA distribution.   The Claims Administrator may provide Class Counsel with the percentages by which the *pro rata* amounts were determined.  Such Settlement Payments shall be made within thirty (30) days of the Claims Finalization Date.  No further payment shall be required or made to any CFA Class Member under the Settlement with the exception of the payment specified in subsection (c) above.

14

C.     **Payments Not Included in Total Settlement Fund.**

   1.     **Claims Administration and Costs of Notice.**

The Claims Administrator's Fee and Costs of Administration shall be paid separately by Defendants with funds other than those included in the Total Settlement Fund.

D.     **Reversion.**

   1.     **TCCWNA Settlement Fund.**   All Unclaimed TCCWNA Settlement Funds, including any interest thereon, shall revert entirely to Defendants as of the Reversion Finalization Date for the sole benefit and use of Defendants, and no further claim shall be made on such funds by any Class Member.

   2.     **CFA Settlement Fund.**   All Unclaimed CFA Settlement Funds, including any interest thereon, shall revert entirely to Defendants as of the Reversion Finalization Date for the sole benefit and use of Defendants, and no further claim shall be made on such funds by any Class Member.

E.     **Miscellaneous.**   Under no circumstances will Defendants be required under this Agreement to incur or pay any fees or expenses that are not explicitly obligated to incur or pay hereunder.   Under no circumstances will any monies relating to this Agreement, Settlement, or Action escheat or be subject to any unclaimed funds reporting or distribution.   Defendants shall outside the Total Settlement Fund bear their own attorneys' fees and expenses not otherwise addressed herein.

F.     **Release of Claims.**

   1.     In consideration of the payment of the Total Settlement Fund and the additional funds described above, and the mutual promises contained in this Agreement, the Plaintiff and the Class Members, on behalf of themselves and their respective agents, heirs,

executors, administrators, successors, assigns, guardians, and representatives, fully, finally, and forever release, and discharge as of the Final Settlement Date, the Released Parties from any and all claims for relief, causes of action, suits, petitions, demands in law or equity, damages (whether compensatory, exemplary, penal, punitive or other), debts, contracts, agreements, obligations, promises, liabilities of any nature whatsoever, regardless of legal theory, whether statutory, regulatory, or under the common law, including claims for attorneys' fees, costs, interest, or expenses that are solely based on the Self-Storage Rental Transactions and the allegations and causes of action contained in the Third Amended Complaint (the "Released Claims").

2.      The Released Claims include, and the Plaintiff and other Class Members do and are hereby deemed to release, without limitation: (i) the causes of action alleged in the Action, including, without limitation, violation of the TCCWNA and CFA and prayer for declaratory and injunctive relief; and (ii) any other claims that have been or could have been brought in the Action solely based the Self-Storage Rental Transactions and the allegations and causes of action in the Third Amended Complaint.

3.      In connection with the releases set forth in this Section, the Plaintiff and the Class Members are releasing past or currently existing claims and are aware that they may hereafter discover claims that existed in the past or present, that may be unknown or unsuspected, but discoverable based on reasonable investigation, or facts in addition to or different from those that they now know or believe to be true with respect to the allegations in the Third Amended Complaint and subject matter of the Action.  Nevertheless, it is the intention of the Parties and the Class Members to fully, finally and forever settle, release, and discharge all such matters, and all claims relating thereto, that exist or might have existed (whether or not

16

previously or currently asserted in the Action) solely relating to the Self-Storage Rental Transactions and the allegations and causes of action in the Third Amended Complaint and any of the Released Parties.

4.     Class Counsel (a) covenants not to seek from any of the Released Parties or make a claim for any attorneys' fees, costs, consultant's fees, expert witness fees, interest, or any other expenses incurred or to be incurred by Plaintiff, other Class Members or Class Counsel, except as provided in this Agreement; (b) represent and warrant that they are not aware of any other lawyer or law firm that has any claim for any attorneys' fees, costs, consultant's fees, expert witness fees, interest, or any other expenses incurred or to be incurred by Plaintiff, other Class Members or Class Counsel; and (c) represent and warrant that they that they are not currently investigating or pursuing claims arising out of the Lease Agreements used by Defendants after March 9, 2016.   Class Counsel's Fees and Class Counsel's Expenses as awarded by the Court will be paid only from the Total Settlement Fund.

**F.     Approval of Settlement.**

1.     Upon the execution of this Agreement by the last of the Parties to execute it, Plaintiff shall file with the Court for adjudication by Magistrate Judge Joel Schneider a Motion for Preliminary Approval, which shall have attached thereto this Agreement, and all supporting papers, and shall request entry of the Preliminary Approval Order (a) preliminarily approving this Settlement; (b) provisionally certifying the Settlement Class for settlement purposes only; (c) appointing Juan Castro, Jr. as Settlement Class representative and preliminarily approving the Plaintiff's Incentive Award; (d) appointing the Locks Law Firm as Class Counsel for the Settlement Class and preliminarily approving an award of Class Counsel's Fees and Class Counsel's Expenses; and (e) approving the proposed form and method of Notice

17

as fair, adequate, reasonable and consistent with Fed. R. Civ. P. 23(c) and due process. The Plaintiff will request that the Court enter the proposed Preliminary Approval Order in the form attached as Exhibit "D," without any substantive change in the reasonable judgment of any Party.

2.     A Final Settlement Hearing to determine final approval of the Settlement shall be scheduled before Magistrate Judge Schneider as soon as practicable, subject to the calendar of the Court. Upon final approval of the Settlement by the Court at or after the Final Settlement Hearing, the Parties shall seek from the Court a Final Judgment.

3.     After entry of the Final Judgment, the Court shall have continuing jurisdiction over the Action solely for purposes of (a) enforcing this Agreement; (b) addressing settlement administration matters; and (c) addressing such post-Final Judgment matters as may be appropriate under court rules or applicable law.

4.     Should the Court decline to approve this Agreement, or if on appeal an appellate court reverses or modifies the Final Judgment, the Agreement shall be voidable by Defendants or Plaintiff, individually or in his capacity as a representative of the Settlement Class, by written notice to the attorneys of record for the other Party no later than fifteen (15) days after entry of any such order or after service of an applicable notice of any such order, whichever occurs later.

G.     **Notice to Class Members.**

1.     The Notice(s) in the forms attached hereto as Exhibits "A" ("Direct Mail Notice"), Exhibit "B" ("Publication Notice"), and Exhibit "C" ("Website Notice") and as approved by the Court shall be provided to the Class using the following procedures.

2.     **Direct Mail Notice.** Defendants shall provide names and last known addresses, to the extent Defendants possess such addresses, of Class Members (in electronic

format) to the Claims Administrator for the purposes of Direct Mail Notice, and the Claims Administrator shall provide Direct Mail Notice to such potential Class Members, using the following procedures:

(a)     Within two (2) days after the Preliminary Approval Date, Defendants shall provide to the Claims Administrator and to Class Counsel, the names and addresses of Class Members obtained from the records of Defendants, which were produced in redacted form during discovery in the Action, and which may be updated as necessary.  Class Counsel shall within two (2) days of receipt of the list make any objections to the list.  If no objections are made, then Defendants shall immediately certify to the Claims Administrator that the Direct Mail Finalization Date has occurred.  If any objections are made by Class Counsel, then the Parties shall forthwith request the Court to resolve the objections.  Within two (2) days of such objections being resolved, Defendants shall certify to the Claims Administrator that the Direct Mail Finalization Date has occurred.

(b)     The Claims Administrator shall verify each address through the National Change of Address Database.  Within thirty (30) days of the Direct Mail Finalization Date, the Claims Administrator shall mail the Direct Mail Notice in the form attached hereto as Exhibit "A" to each potential Class Member whose name and last known address have been provided to the Claims Administrator.  The Claims Administrator shall employ commercially reasonable methods to skip-trace only once the address of any Class Member whose Notice is returned as undeliverable by the postal service and the Claims Administrator will reissue said Notice.

3.    **Publication Notice and Website Notice and Opt-Outs.** The Claims Administrator shall provide Publication Notice and Website Notice to the Class using the following procedures:

(a)    Within thirty (30) days of the Direct Mail Finalization Date, the Claims Administrator shall cause to be published the one-sixth page publication notice in the form attached hereto as Exhibit "B" in the Newark Star Ledger, the Bergen Record, the Courier Post and the Press of Atlantic City.  Within thirty (30) days after such initial publication, the Claims Administrator shall cause the same notice to be re-published in the same publications.

(b)    The Claims Administrator shall report to the Parties as soon as practicable after receiving notice that a Class Member intends to object to the Settlement or any aspect of it or seeks to intervene or appear in the Action.

(c)    Within thirty (30) days of the Direct Mail Finalization Date, the Claims Administrator shall establish a website accessible on the Internet and discoverable via Google and shall post there the Website Notice in the form attached hereto as Exhibit "C." The Claims Administrator shall remove the Website Notice from the Internet within five (5) days after the Final Settlement Hearing.

4.    The Notices shall inform Class Members of their right to opt out of the Settlement, as follows:

(a)    Any person or entity defined as a Class Member, who wishes to be excluded from the Class shall, in a writing postmarked by the Objection and Opt-Out Deadline Date, so notify the Claims Administrator.  To be valid, a request for exclusion must set forth: (i) in the case of an individual, the individual's name and address, the address of the Uncle Bob's store for the Self-Storage Rental Transaction, and the date of said Rental Agreement, if

known; (ii) in the case of a corporation, partnership, or other business entity, the entity's business name, address and taxpayer identification number, the address of the property subject to the Self-Storage Transaction and the date of said Transaction, if known; and (iii) the signature of the person submitting the opt-out request.

(b)     Any person or entity who submits a timely request for exclusion satisfying the requirements of subsection (a) above shall no longer be considered a member of the Class, and shall be entitled to none of the benefits, nor subject to any of the obligations, of this Agreement.

(c)     In the event that one hundred (100) or more persons timely inform the Claims Administrator of their intention to opt out of the Settlement, this Agreement shall be voidable by Defendants, at their option and in their sole discretion, by providing written notice to Class Counsel and the Court at any time prior to the Claim Finalization Date.

5.     All information provided to Class Counsel pursuant to this Section G shall be deemed confidential and subject to the confidentiality provisions of this Agreement.

**H.     <u>Objection Procedures.</u>**

1.     Any Class Member who objects in writing as to why the Agreement should not be approved as fair, reasonable, and adequate and why Final Judgment should not be entered thereon, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if, not later than twenty-one (21) prior to the Final Settlement Hearing, such objector (i) submits documentary proof that the objector is a Class Member; (ii) states in writing the specific basis for each objection, including any legal support the Class Member wishes to bring to the Court's attention; (iii) submits any evidence the Class Member wishes to introduce in support of his or her objection; (iv) provides a list of all

class actions proceedings in which such objectors or their attorneys previously objected or appeared as objectors or on behalf of objectors; and (v) any other information required by the parties or the Federal Rules of Civil Procedure.

2.      Any Class Member who fails to opt out or object in the manner prescribed in this Agreement and the Notices shall be deemed to have waived, and shall be forever foreclosed from (a) raising any objections to this Settlement and/or this Agreement, including by appeal, or (b) asserting any claims arising out of, relating to, or based in whole or part on any of the facts or matters alleged, or which could have been alleged, or which were otherwise at issue in the Action.

### I.      Claims Administration, Reports and Payment of Claims.

1.      A Notice shall be provided to the Class Members explaining their rights to a Settlement Payment.  Class Members will be eligible to receive a Settlement Payment from the TCCWNA Settlement Fund and/or the CFA Settlement Fund, depending upon their respective status.  No proof of claim form or other documentation must be submitted in order for a Class Member to be eligible for a Settlement Payment.

2.      The Notice shall provide a point of contact with the Claims Administrator available to assist Class Members in obtaining any supporting documentation or information relevant to a Claim that may be reasonably available in the computerized records of Defendants. The Claims Administrator shall be given a point of contact with Defendants and/or access to such documentation or information.

3.      Under no circumstances will the Objection and Opt-Out Deadline Date or Claims Finalization Date be extended without the express written consent of Defendants.  All Class Members who file timely written objections or seek to intervene or opt-out are subject to

the Objection and Opt-Out Deadline Date. The filing of objections to this Agreement shall not toll or otherwise extend the Objection and Opt-Out Deadline Date.

4.       The Claims Administrator shall, within a reasonable time, but no later than thirty (30) days after the Final Settlement Date compile a list of the names, addresses and refund amounts of Class Members authorized to receive a Settlement Payment and provide the Parties with such list. The Claims Administrator may, in its discretion, request the assistance of the Parties in determining, with respect to any Claim, whether the Claim complies with all requirements of this Agreement, provided that any communication pursuant to this provision shall include counsel for both Parties.

5.       The Claims Administrator shall, at the request of either Party, (a) provide to the Party a copy of all documentation relating to the processing of any Claim, and (b) report to the Parties' counsel the substance of the work performed by the Claims Administrator.

6.       As Costs of Administration and Costs of Notice are incurred, the Claims Administrator shall invoice Defendants in the ordinary course. In the event Defendants dispute the reasonableness of any such costs, fees or expenses, Defendants may apply to the Court for disapproval of such costs by the Court. Defendants shall have no other liability, obligation or responsibility to any Claimant, Plaintiff, Class Counsel, the Claims Administrator or any other person or entity with respect to any Claim or the Costs of Administration or the Costs of Notice.

7.       Within thirty (30) days of the Claims Finalization Date, the Claims Administrator shall mail Settlement Payments to authorized Claimants. The Settlement Payment will carry the following legend: "Void After 90 Days". The Claims Administer shall provide the Parties and the Court with a report setting forth the total amounts distributed to the TWCCNA and CFA Class Members, respectively.

8.      Any Class Member receiving a Settlement Payment must present it within ninety (90) days in order to receive payment.  Any Settlement Payment that is not so presented shall be dishonored and not paid.  Defendants or the Claims Administrator will issue a "stop payment" request or similar instruction to the issuing bank for any Settlement Payment that is not presented for payment within ninety (90) days of issuance.

9.      On the Reversion Finalization Date, the Claims Administrator will provide the Parties with a statement of the amount of the Unclaimed TCCWNA Settlement Funds and the Unclaimed CFA Settlement Funds that are subject to reversion under Section IV. D.  The parties shall have seven (7) days upon receipt of such statement to request that the Claims Administrator provide supporting documentation regarding the determination of any amounts subject to reversion.   The parties shall attempt to mediate in good faith any dispute regarding the determination of the reversion amount.   Any dispute that cannot be so resolved shall be submitted to the Court.

10.     On the Reversion Finalization Date, the Claims Administrator shall provide the Parties with a statement of all of the Claims Administrator's invoices that have been rendered, are outstanding and have been paid.

11.     The Claims Administrator will distribute to Defendants the Unclaimed TCCWNA Settlement Funds and Unclaimed CFA Settlement Funds as provided for in Section IV. D. 1. & 2. within thirty (30) days of the Reversion Finalization Date.

**J.      Class Counsel's Fee and Class Counsel's Expenses.**

1.      The Parties agree that Class Counsel will only seek and shall receive an award of Class Counsel's Fee and Class Counsel's Expenses not to exceed thirty percent (30%) of the Total Settlement Fund, except as otherwise provided herein.  Defendants will not object to

24

the application for Class Counsel's Fee and Class Counsel's Expenses so long as it does not exceed this limitation. The Parties agree that any and all such claims for attorneys' fees and expenses will be paid only from the Total Settlement Fund, regardless of whether the fees are to compensate Class Counsel for work already performed before or during the Action or for any remaining work to be performed, including without limitation, in documenting the Settlement, securing Court approval of the Settlement, ensuring that the Settlement is fairly administered and implemented, obtaining the Final Judgment, or responding to any objections and/or appeals.

      2.      Plaintiff may request a Plaintiff's Incentive Award in an amount not to exceed fifteen thousand dollars ($15,000) to be payable from the Total Settlement Fund, subject to Court approval. Defendants will not object to such an award. If Plaintiff receives such an award, he will be ineligible for any other award under the Agreement.

      3.      Defendants understand that Class Counsel will apply to the Court prior to the Final Settlement Hearing for an award of Class Counsel's Fees and Class Counsel's Expenses and the Plaintiff's Incentive Award, which will be scheduled for determination at the Final Settlement Hearing. Plaintiff and other Class Members shall only seek payment of Class Counsel's Fees and Class Counsel's Expenses and Plaintiff's Incentive Award from the Total Settlement Fund. The payment of Class Counsel's Fees and Class Counsel's Expenses and the Plaintiff's Incentive Award shall be made in accordance with the Final Approval Order, but in no event shall occur before the Final Settlement Date.

      4.      It is expressly agreed by the Parties that no Party to this Agreement intends that this Section or any other part of this Agreement establishes or acknowledges that anyone is entitled to or has the right to any attorneys' fees and expenses other than as part of this Agreement and as specifically stated in this Agreement, and that neither this Section nor this

Agreement create any entitlement to any attorneys' fees and expenses other than as specifically stated herein.

## V.   CONFIDENTIALITY

A.    The Parties agree that the following categories of information are confidential: (1) the names, addresses, and other information concerning Defendants' customers and the Class Members or Defendants' procedures that may have been or may be compiled by Defendants in effectuating this proposed settlement, and (2) the data processing and other record-keeping procedures and materials to be utilized by Defendants in identifying potential Class Members and effectuating Defendants' other obligations hereunder (collectively "Confidential Information"). Such Confidential Information is agreed by the Parties to constitute confidential and proprietary business information and it shall be protected by the Final Judgment, which shall incorporate by reference all of the provisions set forth in this Section. All other confidential information produced in discovery and subject to the Discovery Confidentiality Order [ECF #32] shall continue to remain confidential and be subject to all of the provisions of that Order, including, without limitation ¶16, relating to the return or destruction of such information at the conclusion of the Action.

B.    No person, other than individuals employed by Defendants or to whom Defendants has expressly permitted access, shall be allowed access to any Confidential Information, except:

1.    Class Counsel and their clerical personnel;

2.    Any Class Member, but only to the extent reasonably required to respond to an inquiry regarding the relative amount of his or her Settlement Payment;

3.    The Claims Administrator; and

26

4.      Such other persons as the Court may order after hearing on notice to all counsel of record.

C.      All Confidential Information received by any person or entity pursuant to Section V of this Agreement shall be kept strictly confidential and not shared with any third party or used for any purpose other than as expressly authorized by this Agreement.

## VI.   **ADDITIONAL TERMS**

A.      In the Motion for Preliminary Approval of the Settlement Agreement, the parties will request the Court set aside and take no further action on Plaintiff's Motion to Certify Class [ECF #111] and Defendants' Motion to Strike the Report and Exclude the Testimony of Plaintiff's Expert Gregory Serio [ECF #121] and upon entry of the Final Approval Order, that the Court deem these motions moot.

B.      Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be addressed as follows:

To the Class or Plaintiff:

Andrew P. Bell, Esq.
LOCKS LAW FIRM, LLC
801 Kings Hwy. N.
Cherry Hill, NJ 08034
ABell@lockslaw.com

To Defendants:

Steven P. Benenson, Esq.
PORZIO BROMBERG & NEWMAN P.C.
100 Southgate Parkway
PO Box 1997
Morristown, NJ 07962-1997
SPBenenson@pbnlaw.com

C.      After this Agreement is fully executed by all Parties and their attorneys of record, this Agreement and the exhibits hereto shall constitute the entire agreement relating to settlement

of the Action and the causes of action and defenses asserted therein, and it shall then be deemed that no oral representations, warranties or inducements have been made to any Party concerning this Agreement or the exhibits hereto other than the representations, warranties and covenants expressly stated herein.

      D.     Class Counsel warrant and represent that they are authorized by Juan Castro, Jr., whom they are representing, and the attorneys of record for Defendants warrant and represent that they are authorized by Defendants, to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary in order to effectuate the terms of this Agreement, the Parties agree to seek the assistance of the Court. In all instances, all such documents, supplemental provisions, and assistance shall be consistent with this Agreement.

      E.     No opinion concerning the tax consequences of the Settlement to individual Class Members is being given or will be given by the Parties or their counsel, nor is any representation or warranty in this regard made by virtue of this Agreement. Defendants, Class Counsel, and Class Members must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments provided hereunder, and any tax reporting obligations they may have with respect thereto. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax

consequences may vary depending on the particular circumstances of each individual Class Member.

      F.      Plaintiff, the Class Members, Defendants, and their respective counsel in the Action consent to the exclusive jurisdiction and venue of the United States District Court for the District of New Jersey for purposes of the Preliminary Approval Order, the Final Settlement Hearing, and the Final Judgment, and any proceedings to enforce the Settlement.

      G.      This Agreement, and any and all parts of it, may be amended, modified, changed or waived only by an express written instrument signed by counsel for all Parties and approved by the Court if the Agreement has been subject to either a Preliminary Order or a Final Approval Order.

      H.      This Agreement shall be binding upon, and inure to the benefit of, the successors, heirs and executors of each of the Parties.

      I.      All terms of this Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of New Jersey, without giving effect to any conflict of law principles or choice of law principles.

      J.      The Parties have cooperated in the drafting and preparation of this Agreement. This Agreement shall not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

      K.      This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties shall exchange among themselves original signed counterparts. Facsimile and/or pdf signatures shall be accepted and the original signature should be provided within seven (7) days thereafter. Any executed counterpart shall be admissible in evidence to prove the

existence and contents of this Agreement.   The Agreement shall become effective upon the earliest date upon which all of the Parties have executed the Agreement.

L.      The Parties believe that this is a fair, reasonable and adequate Settlement and have arrived at this Settlement through arms-length negotiations, taking into account all relevant factors, present and potential.

M.      The descriptive headings of any paragraph or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

N.      The exhibits hereto and thereby incorporated into this Agreement are as follows:

Exhibit A:     Direct Mail Notice of Class Action Settlement

Exhibit B:     Publication Notice of Class Action Settlement

Exhibit C:     Website Notice of Class Action Settlement

Exhibit D:     Preliminary Approval Order

**[Remainder of page intentionally left blank.]**

3727432

For Plaintiff and the Settlement Class:

_____    Dated ___09/19/17___
Juan Castro, Jr., individually and as Settlement
Class Representative

_____    Dated ___9/19/17___
Andrew P. Bell, Esq.
Counsel for Plaintiff and the Settlement Class
Members

**[Remainder of page intentionally left blank.]**

3727432

For Defendants:

_____   Dated  09 / 25 / 2017

Steven P. Benenson, Esq.
Counsel for Defendants
Sovran Self Storage, Inc.
Sovran Acquisition, Limited Partnership
Uncle Bob's Management, LLC

**[Remainder of page intentionally left blank.]**

32

3727432

For Defendants:


_____          Dated   _9/18/17_____
Andrew Gregoire
Chief Financial Officer
Sovran, SALP and UBM
n/k/a Life Storage, Inc.



**[Remainder of page intentionally left blank.]**



33

Final Version – September 18, 2017

# EXHIBIT A

# DIRECT MAIL NOTICE

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

**You may be eligible for a payment from a class action settlement if you rented a self-storage unit from Uncle Bob's Self Storage ("Uncle Bob's") in the State of New Jersey between January 1, 2011 and March 9, 2016, or purchased property damage insurance offered by a New Jersey Uncle Bob's store between January 1, 2011 and _____, 2017.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

**There is a proposed settlement with Sovran Self Storage, Inc. ("Sovran"), Sovran Acquisition, Limited Partnership ("SALP"), and Uncle Bob's Management LLC ("UBM") (collectively "Defendants" and now known as Life Storage, Inc.) and Bader Company in a class action lawsuit pending in the United States District Court for the District of New Jersey.**

**Defendants have agreed to a proposed settlement to create an $8,000,000 fund from which amounts will be paid to Class Members, the Class Representative and his attorneys. Settlement Class Members will be entitled to a payment for having been offered certain agreements, forms and notices and/or insurance that are claimed to violate New Jersey consumer protection laws, subject to certain conditions.**

**Your legal rights are affected whether or not you act. Read this notice carefully.**

1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | If you do nothing, you will remain a member of the Settlement Class(es) and will be mailed a settlement payment. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS(ES)** | If you exclude yourself from the Settlement Class(es) by opting out, you will receive no settlement payment and will not be bound by the proceedings and final disposition of this case. Opting out allows you to file your own lawsuit against Defendants and Bader regarding your self-storage rental transaction.   If you exclude yourself from the Settlement Class(es), you may not object to the proposed settlement. |
| **OBJECT TO THE SETTLEMENT** | To object to the settlement, you must submit your objections in writing by filing them with the Court.  If you submit a timely written objection to the Court as described more fully below, then you may attend a hearing before the Court to argue your objection.  However, you do not have to appear. Your written objection will be considered by the Court |

**These rights and options—and the deadlines to exercise them—are explained in this notice.**

**The Court in charge of this case will decide whether to approve the settlement after any objections are considered.  Payments will be made if the Court approves the settlement and after any appeals are resolved.**

2

**BASIC INFORMATION** .................................................................................................. PAGE 4
1. Why did I get this notice package?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ...................................................................................... PAGE 5
5. How do I know if I am part of the proposed settlement?
6. Who would be entitled to a payment under the proposed settlement?
7. Are there exceptions to being included?

**THE PROPOSED SETTLEMENT BENEFITS—WHAT YOU GET** ........................ PAGE 6
8. Are you a Settlement Class Member and how much is your settlement payment?
9. What does the proposed settlement provide?

**HOW YOU GET A PAYMENT** ........................................................................................ PAGE 7
10. How much will my payment be?
11. How can I get a payment?
12. When would I get my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .......................................... PAGE 7
13. What am I giving up to get a payment or stay in the Class?
14. How can I get out of the proposed settlement?
15. If I do not exclude myself, can I sue for the same thing later?
16. If I exclude myself, can I receive a payment?

**THE LAWYERS REPRESENTING YOU** ....................................................................... PAGE 8
17. Do I have a lawyer in this case?
18. How will the lawyers be compensated?

**OBJECTING TO THE PROPOSED SETTLEMENT** .................................................. PAGE 9
19. How can I tell the Court if I don't like the proposed settlement?
20. What's the difference between objecting and opting out?

**THE COURT'S FAIRNESS HEARING** ........................................................................ PAGE 10
21. When and where will the Court decide whether to approve the proposed settlement?
22. Do I have to come to the hearing?
23. May I speak at the hearing?

**IF YOU DO NOTHING** ................................................................................................. PAGE 10
24. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ............................................................................ PAGE 11
25. Are there more details about the proposed settlement?
26. How do I get more information?

3

## BASIC INFORMATION

**1.     Why did I get this notice package?**

**You have received this Notice because records indicate that you rented a self-storage unit from an Uncle Bob's Self Storage ("Uncle Bob's") store in the State of New Jersey between January 1, 2011 and March 9, 2016, or purchased property damage insurance offered by a New Jersey Uncle Bob's store between January 1, 2011 and _____, 2017. Or, you may have requested a copy of this Notice because you read in a newspaper a Notice about this case and you believe that you may be entitled to compensation from the proposed settlement.**

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of New Jersey and the case is called *Juan Castro, Jr. v. Sovran Self Storage, Inc. t/a Uncle Bob's Self Storage, Sovran Acquisition LP and Uncle Bob's Management LLC,* Civ. Action No. 1:14-cv-06446-RBK-JS.

The person who sues is called Plaintiff, and the companies he sued, Sovran Self Storage, Inc. ("Sovran"), Sovran Acquisition, Limited Partnership ("SALP"), and Uncle Bob's Management LLC ("UBM") are called the Defendants.  These companies are now known as Life Storage, Inc.

**2.     What is this lawsuit about?**

This lawsuit involves claims that certain documents that were presented to consumers in connection with the rental of self-storage units violate certain consumer protection laws.  In conjunction with his lease of a self-storage unit at an Uncle Bob's store, Plaintiff initially signed an Uncle Bob's Rental Agreement – New Jersey ("Rental Agreement") and a "Bader Personal Property Insurance Participation Form" (the "Insurance Form") (the form provided property damage coverage by Bader Company ("Bader"), a non-party licensed insurance agent, which was placed with PMAIC, an admitted insurer).  Plaintiff later signed a Notice to Vacate form upon termination of the lease.

Plaintiff alleges that the Rental Agreement, the Insurance Form, and the Notice to Vacate include provisions that violate the New Jersey Truth-in-Consumer Contract Warranty and Notice Act, N.J.S.A. 56:12-14, *et seq.* ("TCCWNA") and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* ("CFA").  Plaintiff also asserted (i) that Sovran violated the TCCWNA and the CFA by allegedly engaging in the unlicensed sale of insurance; (ii) that Sovran violated the CFA by allegedly failing to provide a copy of the insurance certificate to him; (3) that Defendants violated the CFA because the insurance program allegedly was "phantom coverage" that did not cover mold and mildew-related property losses Plaintiff suffered during the lease; and (4) that Defendants violated the CFA by allegedly charging "inflated" or "unconscionably high" premiums for the property damage insurance.

4

Defendants have denied these allegations and further deny that the case is maintainable as a class action, but, without admitting any liability, have decided to settle the action.

**3.    Why is this a class action?**

In a class action, one or more people, called Class Representatives, sue on behalf of people who have similar claims.  All these people are referred to as the "Class" or "Class Members."  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  Federal District Court Magistrate Judge Joel Schneider is in charge of this class action.

**4.    Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Defendants.  Instead, both sides agreed to a settlement.  That way, they avoid the risks and costs of a trial, and the people affected will get compensation.  The Settlement Class Representative and the attorneys appointed by the Court for the Settlement Classes think the settlement is best for everyone who is a Settlement Class Member.

**WHO IS IN THE SETTLEMENT**

To see if you will get money from this settlement, you first have to decide if you are a class member.

**5.    How do I know if I am part of the proposed settlement?**

If you received this notice, then you are a Class Member.  For purposes of the Proposed Settlement, the Classes consists of all persons who meet the following definitions:

**TCCWNA CLASS**

All natural persons who entered into Rental Agreements with Defendants in the State of New Jersey between January 1, 2011 and March 9, 2016.

**CFA CLASS**

All natural persons who purchased insurance coverage from Bader Company/PMAIC through Defendants in the State of New Jersey, between January 1, 2011 and the date of preliminary approval of the class settlement.

Persons and entities meeting either of these definitions are called "Settlement Class Members."

5

3731585

**6.**     **Who would be entitled to a payment under the proposed settlement?**

You do not need to submit a claim form or any documentation to qualify for a settlement payment if you are a Class Member.  Defendants have already identified all potential Class Members.  All Settlement Class Members will be eligible to receive a settlement payment.

**7.**     **Are there exceptions to being included?**

You are not a Settlement Class Member if you are a judge of the United States District Court for the District of New Jersey, a "Corporate Alliance" customer of Defendants, a Defendant, or a current director, officer or employee of Defendants.

**8.**     **Are you a Settlement Class Member and how much is your settlement payment?**

You received this notice because our records indicate that you are a Settlement Class Member.  If you want to know how much your settlement payment would be you can call 1-800-000-0000 to obtain this information.

### THE PROPOSED SETTLEMENT PAYMENTS—WHAT YOU GET

**9.**     **What does the proposed settlement provide?**

Defendants have agreed to create a $8,000,000 Total Settlement Fund, from which claims of Settlement Class Members, the Plaintiff's Incentive Fee, and Class Counsel's Fees and Expenses will be paid.

**10.**     **How much will my payment be?**

The amount of your refund will vary depending upon the Settlement Class(es) in which you are a member.

If you are a member of the TCCWNA Settlement Class, you will receive an estimated payment of $43.97 for each self-storage rental transaction with Defendants.  If you are a member of the CFA Settlement Class, your payment will be approximately 33% of the total amount of premiums that you paid for the Bader insurance.  If you are a member of both Settlement Classes, you will receive both payments.

You can determine if you would receive a TCCWNA and/or CFA Settlement Payment by calling 1-800-000-0000 or visiting www.xxx.com.

## HOW YOU GET A PAYMENT

**11.   How can I get a payment?**

You do not need to do anything to qualify for a settlement payment if you meet the definition of a Settlement Class Member as has been determined by the Court.

**12.   When would I get my payment?**

The Court will hold a hearing on Month 00, 0000, to decide whether to approve the settlement.  If Judge Schneider approves the settlement, there may be appeals that follow.  That process could take months.

**13.   What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself by opting out, you are staying in the Settlement Class(es), and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Sovran, SALP, UBM, Life Storage or Bader regarding the claims in *this* case. It also means that all of the Court's orders will apply to you and legally bind you.  The Settlement Agreement describes exactly the legal claims that you give up by remaining in the Settlement Class(es).  The Settlement Agreement can be reviewed at www.xxx.com or you can call 1-800-000-0000 to request a copy.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of this settlement, but you want to keep the right to sue Sovran, SALP, UBM, Life Storage or Bader on your own about the issues in this case, then you must take steps to exclude yourself—or, as it is sometimes referred to, "opt out" of the Settlement Class(es).

**14.   How do I opt out of the proposed settlement?**

To exclude yourself (or opt out) from the settlement, you must send a letter by mail saying that you want to be excluded from *Juan Castro, Jr. v. Sovran Self Storage, Inc. t/a Uncle Bob's Self Storage, Sovran Acquisition LP and Uncle Bob's Management LLC,* Civ. Action No. 1:14-cv-06446-RBK-JS.   Be sure to include your name, and address (or, in the case of a corporation, partnership, or other business entity, the entity's business name, address and taxpayer identification number), the location of the Uncle Bob's store where you rented your self-storage unit, the date of your Rental Agreement, and your signature.  If you elect to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit if you elect to opt-out and be excluded. You may be able to sue (or continue to sue) Defendants in the future.

Your exclusion request must be postmarked no later than Month 00, 0000**,** to: Uncle Bob's Exclusions

<mark>P.O. Box 0000</mark>
<mark>City, ST 00000-0000</mark>

You cannot exclude yourself from the Settlement Class(es) by telephone or by e-mail.

**15.      If I do not exclude myself, can I sue Defendants for the same thing later?**

No.  Unless you exclude yourself, you give up the right to sue Sovran, SALP, UBM, Life Storage and Bader for the claims that this settlement resolves.  If you have a pending lawsuit against Defendants, Life Storage and Bader regarding the issues in this case, speak to your lawyer in that lawsuit immediately.  You must exclude yourself from *this* Class to continue your own lawsuit.  Remember, the exclusion deadline is <mark>Month 00, 0000</mark>.

**16.      If I exclude myself, can I receive a payment?**

No.

## THE LAWYERS REPRESENTING YOU

**17.      Do I have a lawyer in this case?**

Yes.  The Court has appointed the following law firm to represent you and other Class Members:

> Michael A. Galpern, Esq.
> Andrew P. Bell, Esq.
> Charles N. Riley, Esq.
> James A Barry, Esq.
> The Locks Law Firm, LLC
> 801 N. Kings Highway
> Cherry Hill, NJ 08034
> Phone: (866) 298-9934

These attorneys and their firm are called Settlement Class Counsel.  You will not be charged personally for these lawyers, but they will ask the Court to award them a fee to be paid out of the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.  You can hire a lawyer to represent you and to consult about this notice and the proposed settlement.

**18.      How will the lawyers be compensated?**

Settlement Class Counsel has asked the Court to award them attorneys' fees of $2,315,000 and expenses of $84,557 from the Total Settlement Fund.  The fees requested would compensate Settlement Class Counsel for their efforts in achieving the settlement for the benefit of the Settlement Classes, and for the risk in undertaking this lawsuit. Settlement Class Counsel

has also asked the Court for a payment of $15,000 to the Class Representative, Juan Castro, Jr. The payment to Plaintiff will also come from the Settlement Fund.

**OBJECTING TO THE PROPOSED SETTLEMENT**

You can tell the Court that you believe the proposed settlement is unfair, unreasonable or inadequate.

**19.   How do I tell the Court that I don't like the Proposed Settlement?**

If you're a Class Member, you can object to the settlement and provide reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the proposed settlement of *Juan Castro, Jr. v. Sovran Self Storage, Inc. t/a Uncle Bob's Self Storage, Sovran Acquisition LP and Uncle Bob's Management LLC,* Civ. Action No. 1:14-cv-06446-RBK-JS.  Be sure to include your name, and address (or, in the case of a corporation, partnership, or other business entity, the entity's business name, address and taxpayer identification number), the location of the Uncle Bob's store where you rented your self-storage unit, the date of Rental Agreement, and your signature.  In addition to describing the basis for your objection, please include a list of any witnesses who may be called to testify at the Final Settlement Hearing and copies of any documents upon which you may rely at the hearing.  Mail your objection to these three different places postmarked no later than ==Month 00, 0000:==

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of Court<br>Mitchell H. Cohen Building<br>& U.S. Courthouse<br>4th & Cooper Streets Room 1050<br>Camden, NJ 08101 | Andrew P. Bell, Esq.<br>The Locks Law Firm, LLC<br>801 N. Kings Highway<br>Cherry Hill, NJ 08034 | Steven P. Benenson, Esq.<br>Porzio, Bromberg & Newman, PC<br>100 Southgate Parkway<br>Morristown, NJ 07962 |

**20.   What's the difference between objecting and opting-out?**

Objecting is telling the Court that the settlement is unfair, unreasonable or inadequate.  You can object only if you stay in the Settlement Class(es).  Opting-out is telling the Court that you do not want to be part of the Settlement Class(es).  If you exclude yourself, you cannot object because the case no longer affects you.

9

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you do not have to.

**21.      When and where will the Court decide whether to approve the proposed settlement?**

The Court will hold a Fairness Hearing at ___ a.m. on Month 00, 0000, at the United States District Court for the District of New Jersey (see question # 19 for the address of the Courthouse).  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are timely objections that comply with the requirements set forth herein, then the Court will consider them.  Judge Schneider will listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the Proposed Settlement, including finally approving payment of Settlement Class Counsel's Fees and Expenses and Incentive Award to Juan Castro, Jr.

**22.      Do I have to come to the hearing?**

No.  Settlement Class Counsel will answer questions Judge Schneider may have. You are welcome to come at your own expense.  If you send an objection, you do not have to come to the hearing.  As long as you mailed your written objection on time and in compliance with this notice, the Court will consider it.  You may also pay your own lawyer to attend.

**23.      May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must object to the Proposed Settlement as provided for in question # 19 and further indicate that you wish to appear at the Fairness Hearing.  You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

**24.      What happens if I do nothing at all?**

**You do not need to submit a claim form or any documentation to qualify for a settlement payment if you are a Settlement Class Member.  All Class Members for whom an address can be found will receive a settlement payment.  If you do nothing you will remain a member of the Settlement Class(es) and be subject to and participate in any finally approved settlement.**

## <u>GETTING MORE INFORMATION</u>

**25.**   **<u>Are there more details about the Proposed Settlement?</u>**

     This notice summarizes the proposed settlement.   More details are in a Settlement Agreement that has been preliminarily approved by the Court, subject to objections.  You can get a copy of the Settlement Agreement by writing to the Claims Administrator, or by visiting www.xxx.com.

**26.**   **<u>How do I get more information?</u>**

     You can call 1-800-000-0000 toll free; write to Uncle Bob's Settlement, P.O. Box 000, City, ST 00000-0000; or visit the website at www.xxx.com, where you will find answers to common questions about the settlement.

11

# EXHIBIT B

# PUBLICATION NOTICE

<u>**LEGAL NOTICE**</u>

**You may be eligible for a payment from a class action settlement if you rented a self-storage unit from Uncle Bob's Self Storage ("Uncle Bob's") in the State of New Jersey between January 1, 2011 and March 9, 2016, or purchased property damage insurance offered by a New Jersey Uncle Bob's store between January 1, 2011 and _____, 2017.**

There is a proposed settlement with Sovran Self Storage, Inc. ("Sovran"), Sovran Acquisition, Limited Partnership ("SALP"), and Uncle Bob's Management LLC ("UBM") (collectively "Defendants" and now known as Life Storage, Inc.) and Bader Company in a class action lawsuit pending in the United States District Court for the District of New Jersey. This Notice is a summary of your rights. For more information, call 1-800-000-0000 or visit www.xxx.com.

<u>**What Is This Lawsuit About?**</u>

      This lawsuit involves claims that certain documents and property damage insurance that were presented or offered to consumers in connection with the rental of self-storage units violate certain consumer protection laws.

      Defendants have denied these allegations and further deny that the case is maintainable as a class action, but, without admitting any liability, have decided to settle the action.

<u>**Who would be Entitled to a Payment under the Proposed Settlement?**</u>

      You do not need to submit a claim form or any documentation to qualify for a settlement payment if you are a Class Member. Defendants have already identified all potential Class Members. All Settlement Class Members will be eligible to receive a settlement payment.

<u>**What Does The Proposed Settlement Provide?**</u>

      Defendants have agreed to create a $8,000,000 Total Settlement Fund, from which claims of Settlement Class Members, the Plaintiff's Incentive Fee, and Class Counsel's Fees and Expenses will be paid.

      You can determine the amount of your Settlement Payment by calling 1-800-000-0000 or visiting www.xxx.com.

**Who Represents Me?**

The Court has appointed the Lock Law Firm, LLC to represent the Settlement Classes. You won't be charged personally for these lawyers, but they will ask the Court to award them a fee to be paid out of the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**What Are My Legal Rights?**

If you do not want a payment and do not want to be legally bound by the Proposed Settlement, you must exclude yourself in a signed writing postmarked by Month 00, 0000, and sent to the Claims Administrator's address below.

If you do not exclude yourself and you are a Class Member, you will remain in the Settlement Class(es) and are eligible to receive a settlement payment. You do not need to submit a proof of claim form or other documentation to be considered for eligibility for a settlement payment.

You may object to the proposed settlement if you believe that it is unfair, unreasonable or inadequate, but only if you do not exclude yourself. Your written objection must be postmarked by Month 00, 0000, and filed and mailed as set out in the *Notice of Proposed Class Action Settlement* referred to below. You also may request in writing to appear at the Final Approval Hearing.

**Will The Court Approve The Proposed Settlement?**

The Court will hold a Final Approval Hearing at ___ a.m. on Month 00, 0000, before the Honorable Joel Schneider at the United States District Court for the District of New Jersey in Camden. At this hearing the Court will decide whether to approve the Proposed Settlement, including finally approving payment of Settlement Class Counsel's Fees and Expenses and an Incentive Award payment to Juan Castro, Jr.. If objections have been received, the Court will consider them at this time.

**How Do I Obtain Further Information?**

This is only a summary of the Proposed Settlement. For a more detailed *Notice of Proposed Class Action Settlement,* additional information on the proposed settlement, a copy of the Settlement Agreement, and for additional details:

**Call** 1-800-000-0000 toll free; **Visit** www.xxx.com.; or **Write** to the Claims Administrator at Uncle Bob's Settlement, P.O. Box 000, City, ST 00000-0000.

# EXHIBIT C

# WEBSITE NOTICE

3731585

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

# You may be eligible for a payment from a class action settlement if you rented a self-storage unit from Uncle Bob's Self Storage ("Uncle Bob's") in the State of New Jersey between January 1, 2011 and March 9, 2016, or purchased property damage insurance offered by a New Jersey Uncle Bob's store between January 1, 2011 and _____, 2017.

*A court authorized this website.*

There is a proposed settlement with Sovran Self Storage, Inc. ("Sovran"), Sovran Acquisition, Limited Partnership ("SALP"), and Uncle Bob's Management LLC ("UBM") (collectively "Defendants" and now known as Life Storage, Inc.) and Bader Company in a class action lawsuit pending in the United States District Court for the District of New Jersey.

Defendants have agreed to a proposed settlement to create an $8,000,000 fund from which amounts will be paid to Class Members, the Class Representative and his attorneys. Settlement Class Members will be entitled to a payment for having been offered certain agreements, forms and notices and/or insurance that are claimed to violate New Jersey consumer protection laws, subject to certain conditions.

Your legal rights are affected whether or not you act.  Read this website carefully.

3731585

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | If you do nothing, you will remain a member of the Settlement Class(es) and will be mailed a settlement payment. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS(ES)** | If you exclude yourself from the Settlement Class(es) by opting out, you will receive no settlement payment and will not be bound by the proceedings and final disposition of this case. Opting out allows you to file your own lawsuit against Defendants and Bader regarding your self-storage rental transaction.  If you exclude yourself from the Settlement Class(es), you may not object to the proposed settlement. |
| **OBJECT TO THE SETTLEMENT** | To object to the settlement, you must submit your objections in writing by filing them with the Court.  If you submit a timely written objection to the Court as described more fully below, then you may attend a hearing before the Court to argue your objection.  However, you do not have to appear. Your written objection will be considered by the Court |

These rights and options—and the deadlines to exercise them—are explained in this website.

The Court in charge of this case will decide whether to approve the settlement after any objections are considered.  Payments will be made if the Court approves the settlement and after any appeals are resolved.

[Insert hyperlinks for each line below]

**BASIC INFORMATION**
1.      Why is the information on this website being posted?
2.      What is this lawsuit about?
3.      Why is this a class action?
4.      Why is there a settlement?

**WHO IS IN THE SETTLEMENT**
5.      How do I know if I am part of the proposed settlement?
6.      Who would be entitled to a payment under the proposed settlement?
7.      Are there exceptions to being included?

**THE PROPOSED SETTLEMENT BENEFITS—WHAT YOU GET**
8.      Are you a Settlement Class Member and how much is your settlement payment?
9.      What does the proposed settlement provide?

**HOW YOU GET A PAYMENT**
10.     How much will my payment be?
11.     How can I get a payment?

12.     When would I get my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
13.     What am I giving up to get a payment or stay in the Class?
14.     How can I get out of the proposed settlement?
15.     If I don't exclude myself, can I sue Defendants for the same thing later?
16.     If I exclude myself, can I receive a payment?

**THE LAWYERS REPRESENTING YOU**
17.     Do I have a lawyer in this case?
18.     How will the lawyers be compensated?

**OBJECTING TO THE PROPOSED SETTLEMENT**
19.     How can I tell the Court if I don't like the proposed settlement?
20.     What's the difference between objecting and opting out?

**THE COURT'S FAIRNESS HEARING**
21.     When and where will the Court decide whether to approve the proposed settlement?
22.     Do I have to come to the hearing?
23.     May I speak at the hearing?

**IF YOU DO NOTHING**
24.     What happens if I do nothing at all?

**GETTING MORE INFORMATION**
25.     Are there more details about the proposed settlement?
26.     How do I get more information?

**BASIC INFORMATION**

**1.     <u>Why is the information on this website being posted?</u>**

   **The information on this website is being posted as part of a class action settlement.**

   This website explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

   The Court in charge of the case is the United States District Court for the District of New Jersey and the case is called *Juan Castro, Jr. v. Sovran Self Storage, Inc. t/a Uncle Bob's Self Storage, Sovran Acquisition LP and Uncle Bob's Management LLC,* Civ. Action No. 1:14-cv-06446-RBK-JS.

   The person who sues is called Plaintiff, and the companies they sued, Sovran, SALP and UBM are called the Defendants.  These companies are now known as Life Storage, Inc.

**2.      What is this lawsuit about?**

This lawsuit involves claims that certain documents that were presented to consumers in connection with the rental of self-storage units violate certain consumer protection laws.   In conjunction with his lease of a self-storage unit at an Uncle Bob's store, Plaintiff initially signed an Uncle Bob's Rental Agreement – New Jersey ("Rental Agreement") and a "Bader Personal Property Insurance Participation Form" (the "Insurance Form") (the form provided property damage coverage by Bader Company ("Bader"), a non-party licensed insurance agent which was placed with PMAIC, an admitted insurer), Plaintiff later signed a Notice to Vacate form upon termination of the lease.

Plaintiff alleges that the Rental Agreement, the Insurance Form, and the Notice to Vacate include provisions that violate the New Jersey Truth-in-Consumer Contract Warranty and Notice Act, N.J.S.A. 56:12-14, *et seq.* ("TCCWNA") and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* ("CFA").   Plaintiff also asserted (i) that Sovran violated the TCCWNA and the CFA by allegedly engaging in the unlicensed sale of insurance; (ii) that Sovran violated the CFA by allegedly failing to provide a copy of the insurance certificate to him; (3) that Defendants violated the CFA because the insurance program allegedly was "phantom coverage" that did not cover mold and mildew-related property losses Plaintiff suffered during the lease; and (4) that Defendants violated the CFA by allegedly charging "inflated" or "unconscionably high" premiums for the property damage insurance.

Defendants have denied these allegations and further deny that the case is maintainable as a class action, but, without admitting any liability, have decided to settle the action.

**3.      Why is this a class action?**

In a class action, one or more people, called Class Representatives, sue on behalf of people who have similar claims.   All these people are referred to as the "Class" or "Class Members."   One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.   Federal District Court Magistrate Judge Joel Schneider is in charge of this class action.

**4.      Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Defendants.   Instead, both sides agreed to a settlement.   That way, they avoid the risks and costs of a trial, and the people affected will get compensation.   The Settlement Class Representative and the attorneys appointed by the Court for the Settlement Classes think the settlement is best for everyone who is a Settlement Class Member.

**WHO IS IN THE SETTLEMENT**

To see if you will get money from this settlement, you first have to decide if you are a class member.

**5.**   **How do I know if I am part of the proposed settlement?**

If you received this notice, then you are a Class Member.  For purposes of the Proposed Settlement, the Classes consists of all persons who meet the following definitions:

**TCCWNA CLASS**

All natural persons who entered into Rental Agreements with Defendants in the State of New Jersey between January 1, 2011 and March 9, 2016.

**CFA CLASS**

All natural persons who purchased insurance coverage from Bader Company/PMAIC through Defendants in the State of New Jersey, between January 1, 2011 and the date of preliminary approval of the class settlement.

Persons and entities meeting either of these definitions are called "Settlement Class Members."

**6.**   **Who would be entitled to a payment under the proposed settlement?**

**You do not need to submit a claim form or any documentation to qualify for a settlement payment if you are a Class Member.  Defendants have already identified all potential Class Members.  All Settlement Class Members will be eligible to receive a settlement payment.**

**7.**   **Are there exceptions to being included?**

You are not a Settlement Class Member if you are a judge of the United States District Court for the District of New Jersey, a "Corporate Alliance" customer of Defendants, a Defendant, or a director, officer and employee of Defendants.

**8.**   **Are you a Settlement Class Member and how much is your settlement payment?**

If you are still unsure whether you are a Settlement Class Member and/or want to know how much your settlement payment would be, you can call 1-800-000-0000 to obtain this information.

## THE PROPOSED SETTLEMENT BENEFITS—WHAT YOU GET

**9.      What does the proposed settlement provide?**

Defendants have agreed to create a $8,000,000 Total Settlement Fund, from which claims of Settlement Class Members, the Plaintiff's Incentive Fee, and Class Counsel's Fees and Expenses will be paid.

**10.      How much will my payment be?**

The amount of your refund will vary depending upon the Settlement Class(es) in which you are a member.

If you are a member of the TCCWNA Settlement Class, you will receive an estimated payment of $43.97.  If you are a member of the CFA Settlement Class, your payment will be approximately 33% of the total amount of premiums that you paid for the Bader insurance.  If you are a member of both Settlement Classes, you will receive both payments.

You can determine if you would receive a TCCWNA and/or CFA Settlement Payment by calling 1-800-000-0000 or clicking here [insert hyperlink].

## HOW YOU GET A PAYMENT

**11.      How can I get a payment?**

You do not need to do anything to qualify for a settlement payment if you meet the definition of a Settlement Class Member as has been determined by the Court.

**12.      When would I get my payment?**

The Court will hold a hearing on Month 00, 0000, to decide whether to approve the settlement.  If Judge Schieber approves the settlement, there may be appeals that follow.  That process could take months.

**13.      What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself by opting out, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Sovran, SALP, UBM, Life Storage or Bader regarding the claims in *this* case. It also means that all of the Court's orders will apply to you and legally bind you.  The Settlement Agreement describes exactly the legal claims that you give up by remaining in the Settlement Class.  The Settlement Agreement can be reviewed by clicking here [insert hyperlink] or you can call 1-800-000-0000 to request a copy.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of this settlement, but you want to keep the right to sue Sovran, SALP, UBM, Life Storage or Bader on your own about the claims in this case, then you must take steps to exclude yourself—or, as it is sometimes referred to, "opt out" of the Settlement Class.

**14.      How do I opt out of the proposed settlement?**

To exclude yourself (or opt out) from the settlement, you must send a letter by mail saying that you want to be excluded from *Juan Castro, Jr. v. Sovran Self Storage, Inc. t/a Uncle Bob's Self Storage, Sovran Acquisition LP and Uncle Bob's Management LLC,* Civ. Action No. 1:14-cv-06446-RBK-JS.   Be sure to include your name, and address (or, in the case of a corporation, partnership, or other business entity, the entity's business name, address and taxpayer identification number), the location of the Uncle Bob's store where you rented your self-storage unit, the date of Rental Agreement, and your signature.  If you elect to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit if you elect to opt-out and be excluded. You may be able to sue (or continue to sue) Defendants in the future.

Your exclusion request must be postmarked no later than Month 00, 0000**,** to:
Uncle Bob's Exclusions
P.O. Box 0000
City, ST 00000-0000

You cannot exclude yourself from the Settlement Class by telephone or by e-mail.

**15.      If I do not exclude myself, can I sue Defendants for the same thing later?**

No.  Unless you exclude yourself, you give up the right to sue Sovran, SALP, UBM, Life Storage and Bader for the claims that this settlement resolves.  If you have a pending lawsuit against Defendants, Life Storage or Bader regarding the issues in this case, speak to your lawyer in that lawsuit immediately.  You must exclude yourself from *this* Class to continue your own lawsuit.  Remember, the exclusion deadline is Month 00, 0000**.**

**16.      If I exclude myself, can I receive a payment?**

No.

## THE LAWYERS REPRESENTING YOU

**17.**     **Do I have a lawyer in this case?**

Yes.  The Court has appointed the following law firm to represent you and other Class Members:

> Michael A. Galpern, Esq.
> Andrew P. Bell, Esq.
> Charles N. Riley, Esq.
> James A Barry, Esq.
> The Locks Law Firm, LLC
> 801 N. Kings Highway
> Cherry Hill, NJ 08034
> Phone: (866) 298-9934

These attorneys and their firm are called Settlement Class Counsel.  You will not be charged personally for these lawyers, but they will ask the Court to award them a fee to be paid out of the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.  You can hire a lawyer to represent you and to consult about this notice and the proposed settlement.

**18.**     **How will the lawyers be compensated?**

Settlement Class Counsel has asked the Court to award them attorneys' fees of $2,315,000 and expenses of $84,557 from the Total Settlement Fund.  The fees requested would compensate Settlement Class Counsel for their efforts in achieving the settlement for the benefit of the Settlement Classes, and for the risk in undertaking this lawsuit. Settlement Class Counsel has also asked the Court for a payment of $15,000 to the Class Representative, Juan Castro, Jr. The payment to Plaintiff will also come from the Settlement Fund.

## OBJECTING TO THE PROPOSED SETTLEMENT

You can tell the Court that you believe the proposed settlement is unfair, unreasonable or inadequate.

**19.**     **How do I tell the Court that I don't like the Proposed Settlement?**

If you're a Class Member, you can object to the settlement and provide reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the proposed settlement of *Juan Castro, Jr. v. Sovran Self Storage, Inc. t/a Uncle Bob's Self Storage, Sovran Acquisition LP and Uncle Bob's Management LLC,* Civ. Action No. 1:14-cv-06446-RBK-JS.  Be sure to include your name, and address (or, in the case of a corporation, partnership, or other business entity, the entity's business name, address and taxpayer identification number), the location of the Uncle Bob's store where you

rented your self-storage unit, the date of Rental Agreement, and your signature.  In addition to describing the basis for your objection, please include a list of any witnesses who may be called to testify at the Final Settlement Hearing and copies of any documents upon which you may rely at the hearing.  Mail your objection to these three different places postmarked no later than Month 00, 0000:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of Court Mitchell H. Cohen Building & U.S. Courthouse 4th & Cooper Streets Room 1050 Camden, NJ 08101 | Andrew P. Bell, Esq. The Locks Law Firm, LLC 801 N. Kings Highway Cherry Hill, NJ 08034 | Steven P. Benenson, Esq. Porzio, Bromberg & Newman, PC 100 Southgate Parkway Morristown, NJ 07962 |

**20.**   **What's the difference between objecting and opting-out?**

Objecting is telling the Court that you believe the settlement is unfair, unreasonable or inadequate.  You can object only if you stay in the Settlement Class(es).  Opting-out is telling the Court that you do not want to be part of the Settlement Class(es).  If you exclude yourself, you cannot object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you do not have to.

**21.**   **When and where will the Court decide whether to approve the proposed settlement?**

The Court will hold a Fairness Hearing at ___ a.m. on Month 00, 0000, at the United States District Court for the District of New Jersey (see question # 19 for the address of the Courthouse).  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are timely objections that comply with the requirements set forth herein, then the Court will consider them.  Judge Schneider will listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the Proposed Settlement, including finally approving payment of Settlement Class Counsel's Fees and Expenses and Incentive Award to Juan Castro, Jr.

**22.**   **Do I have to come to the hearing?**

No.  Settlement Class Counsel will answer questions Judge Schneider may have. You are welcome to come at your own expense.  If you send an objection, you do not have to come to the

hearing.  As long as you mailed your written objection on time and in compliance with this notice, the Court will consider it.  You may also pay your own lawyer to attend.

**23.**     **May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must object to the proposed settlement as provided for in question # 19 and further indicate that you wish to appear at the Fairness Hearing.   You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

**24.**     **What happens if I do nothing at all?**

**You do not need to submit a claim form or any documentation to qualify for a settlement payment if you are a Settlement Class Member.  All Class Members for whom an address can be found will receive a settlement payment.  If you do nothing you will remain a member of the Settlement Class and be subject to and participate in any finally approved settlement.**

## GETTING MORE INFORMATION

**25.**     **Are there more details about the Proposed Settlement?**

This website summarizes the proposed settlement.  More details are in a Settlement Agreement that has been preliminarily approved by the Court, subject to objections.  You can get a copy of the Settlement Agreement by writing to the Claims Administrator or clicking here. [insert hyperlink]

**26.**     **How do I get more information?**

You can call 1-800-0000 toll free or write to Uncle Bob's Settlement, P.O. Box 000, City, ST 00000-0000.

# EXHIBIT D

# PRELIMINARY APPROVAL ORDER

3727432

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN CASTRO, JR., on behalf of himself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOVRAN SELF STORAGE, INC. t/a UNCLE BOB'S SELF STORAGE, SOVRAN ACQUISITION LP; and UNCLE BOB'S MANAGEMENT LLC<br><br>Defendants. | CIVIL ACTION NO. 1:14-cv-06446-RBK-JS<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF NOTICE TO SETTLEMENT CLASS, AND SCHEDULING FINAL APPROVAL HEARING**<br><br>*Document Electronically Filed Via ECF System* |

**THIS MATTER** having been opened to the Court upon joint motion by Plaintiff Juan Castro, Jr. as proposed representative of the Settlement Class and Defendants Sovran Self Storage, Inc. ("Sovran"), Sovran Acquisition, Limited Partnership ("SALP"), and Uncle Bob's Management LLC ("UBM") (collectively "Defendants")(now known as Life Storage, Inc.), for preliminary approval of the attached Settlement Agreement, provisional certification of the Settlement Classes, appointment of Class Counsel and Class Representative, approval of the proposed Notices of the Settlement and Final Approval Hearing, and to schedule a Final Approval Hearing. Appearing for the Plaintiff and the putative Settlement Classes was Michael A. Galpern, Andrew P. Bell, James A. Barry, and Charles N. Riley of the Locks Law Firm. Appearing for defendants were Steven P. Benenson of Porzio, Bromberg & Newman, PC. and Kenneth R. Manning of Phillips Lytle LLP.

After having read and considered the Settlement Agreement, the written submissions, and the arguments of counsel, if any, and all papers filed and proceedings in the Action, and for good cause having been shown:

**THE COURT HEREBY FINDS:**

1)      On or about August 25, 2014, Plaintiff commenced this putative class action against Defendants by filing a Class-Action Complaint in the Superior Court of the State of New Jersey, Law Division, Burlington County, which was assigned docket no. BUR-L-2020-14. Defendants removed the action to this court on October 17, 2014.

2)      Plaintiff filed various amended complaints during the pendency of the Action. A Third Amended Complaint, which is the operative pleading, was filed on October 20, 2017. [ECF #101].   Defendants filed an Answer specifically denying the allegations of the Third Amended Complaint.  [ECF #108].

3)      This action arises out of Plaintiff's storage of personal property at an Uncle Bob's facility in Hillsborough, New Jersey.  In conjunction with this lease, Plaintiff initially signed an Uncle Bob's Rental Agreement – New Jersey ("Rental Agreement"), a "Bader Personal Property Insurance Participation Form" (the "Insurance Form") (which provided property damage coverage by Bader Company, a non-party licensed insurance agent and placed with PMAIC, an admitted insurer), and a Notice to Vacate form upon termination of the lease.

4)      Plaintiff alleges that the Rental Agreement, the Insurance Form, and a Notice to Vacate include provisions that violate the New Jersey Truth-in-Consumer Contract Warranty and Notice Act, N.J.S.A. 56:12-14, *et seq.* ("TCCWNA") and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* ("CFA").  Castro also asserted several insurance claims: (i) that Sovran violated the TCCWNA and the CFA by allegedly engaging in the unlicensed sale of insurance as

prohibited by the Insurance Producer Licensing Act ("IPLA") N.J.S.A. 17:22A-26, *et seq.*; (ii) that Sovran violated the CFA by allegedly failing to provide a copy of the insurance certificate to Castro; (iii) that Defendants violated the CFA because the insurance program allegedly was "phantom coverage" that it did not cover mold and mildew-related property losses Castro suffered during the lease; and (iv) that Defendants violated the CFA by allegedly charging "inflated" or "unconscionably high" premiums for the property damage insurance.

5)      Defendants deny these allegations, and further specifically deny that they were, or are, liable for the claims asserted in the Third Amended Complaint.[3] Defendants maintain that these documents and the insurance program otherwise comply with all governing statutes, regulations and laws.  Defendants further contend that Plaintiff cannot establish the prerequisites for certification of the putative classes.

6)      Plaintiff and Defendants have engaged in substantial discovery, including interrogatories, requests for admission, depositions, and the production of voluminous documents, and significant motion practice.

7)      The parties have engaged in extensive, good-faith and arms-length settlement negotiations during a full-day mediation on June 20, 2017, before the Hon. John E. Keefe (retired).   These negotiations involved exchanges of the parties' positions, relevant legal authorities, customer, financial and other data, and other information.  The parties agreed to a settlement framework, and negotiations regarding the terms of the Settlement Agreement continued to the date of its execution.

---

[3] The district court previously dismissed Castro's TCCWNA claims based on provisions of the Rental Agreement (i) limiting the value of stored property, (ii) waiving right to jury trial, and (iii) stating that certain provisions of the Rental Agreement may be unenforceable in New Jersey.  The Court did find that Castro stated a claim under the TCCWNA and the CFA based on a lien sale preparation fee and the exculpatory and indemnification clauses contained in both the Rental Agreement and the Vacate Notice and under the CFA for failing to provide a copy of the insurance certificate.  The Court also dismissed plaintiff's TCCWNA and CFA claims for allegedly acting as an unlicensed broker under IPLA.  The other insurance-related claims have not been adjudicated.

8)      Plaintiff and Defendants, and their respective attorneys of record, taking into account the risks, uncertainties, delay, and expense involved in this matter, as well as other relevant considerations, have concluded that it is in the best interests of Plaintiff, the potential classes, and Defendants to compromise and settle this matter fully and finally in the manner and upon the terms and conditions set forth in the Settlement Agreement.  Defendants have agreed to provide monetary relief to members of the Settlement Classes pursuant to the Settlement Agreement in exchange for the release of certain claims by Plaintiff and the Settlement Class Members as more fully set forth in the Settlement Agreement.

9)      The Settlement Agreement provides in part:

a)      Defendants shall deposit in two interest bearing checking accounts the sums of: (1) four million two hundred twenty-five thousand dollars ($4,250,000) for the TCCWNA Settlement Fund and (2) three million seven hundred fifty thousand dollars ($3,750,000) for the CFA Settlement Fund.  The total of these two accounts, eight million dollars ($8,000,000), shall constitute the Total Settlement Fund.

b)      An Incentive Award to Plaintiff of $15,000 to be paid out of the Total Settlement Fund.  Plaintiff's Incentive Award shall be deducted from the TCCWNA Settlement Fund and the CFA Settlement Fund in proportion to the ratio of their respective values to the Total Settlement Fund.

c)      Payment of Class Counsel's Fees and Class Counsel's Expenses not to exceed 30% of the Total Settlement Fund.  Class Counsel's Fees and Class Counsel's Expenses shall be deducted from the remainder of the TCCWNA Settlement Fund and the CFA Settlement Fund in proportion to the ratio of their respective values to the Total Settlement Fund.

d)      The balance of the TCCWNA Settlement Fund shall be equally divided and paid to the TCCWNA Class Members based on the number of Self-Storage Rental Transactions participated in by each TCCWNA Class member, as determined by Defendants' data analytic expert.  No further payment shall be required or made to any TCCWNA Class Member under the Settlement unless he or she also qualifies as CFA Class Member.

e)      The balance of the CFA Settlement Fund shall be divided and paid *pro rata* to the CFA Class Members based on the amount of

premiums paid by each CFA Class Member, as determined by Defendants' data analytic expert. No further payment shall be required or made to any CFA Class Member under the Settlement with the exception of the payment specified in subsection (d) above.

f)    Defendants shall pay with funds not included in the Total Settlement Fund the Claims Administrator's Fees and Costs of Administration.

g)    After the expiration of all Settlement Payments, all Unclaimed TCCWNA Settlement Funds and Unclaimed CFA Settlement Funds, including any interest thereon, shall revert entirely to Defendants for the sole benefit and use of Defendants, and no further claim shall be made on such funds by any Class Member.

10.    The Court has jurisdiction over the subject matter of the Action and the Parties.

11.    The Court preliminarily finds that the proposed settlement is fair, reasonable, and adequate, was negotiated at arm's length, and was entered into by the parties in order to avoid the costs, uncertainty, and risks of continuing litigation and that the proposed Class Settlement Agreement reflects the strengths and weaknesses of the claims and defenses in this case.

12.    Good cause exists for the Court to conclude that the Settlement satisfies the prerequisites for class certification under Fed. R. Civ. P. 23(a), (b)(3) & (e).

13.    Plaintiff can fairly and adequately represent and protect the interests of the Settlement Classes. The Court preliminarily finds that the Plaintiff is an adequate Class representative.

14.    The attorneys representing Plaintiff and proposed Class Counsel for the Settlement Class, the Locks Law firm ("Class Counsel"), are experienced in litigating class action claims of the type involved in this matter. The Court finds that the Locks Law Firm is an adequate Class Counsel.

15.    The proposed Settlement, on the terms and conditions set forth in the Settlement Agreement, is fundamentally fair, reasonable, adequate and is in the best interests of the

Settlement Class Members, especially in light of the benefits achieved on their behalf, the risk and delay inherent in litigation, and the damages available.

**IT IS THEREFORE** ON THIS __ DAY OF _____, 2017 **ORDERED AS FOLLOWS:**

16.     The Motion for the preliminary approval of the proposed Class Action Settlement be and hereby is **GRANTED**.

17.     The Settling Parties shall comply with the terms and conditions and schedule set forth in the terms of the Settlement Agreement.

18.     Juan Castro, Jr. is hereby appointed to serve the Class Representative.

19.     The Court appoints the Locks Law Firm, and its attorneys Michael A. Galpern, Andrew P. Bell, James A. Barry and Charles N. Riley as Class Counsel for the Settlement Class.

20.     Pursuant to Fed. R. Civ. P. 23, the Court hereby certifies the following classes for settlement purposes:

### TCCWNA CLASS

All natural persons who entered into Rental Agreements with Defendants in the State of New Jersey between January 1, 2011 and March 9, 2016.

### CFA CLASS

All natural persons who purchased insurance coverage from Bader Company/PMAIC through Defendants in the State of New Jersey, between January 1, 2011 and the date of preliminary approval of the class settlement.

Excluded from these Classes are: all judges of the United States District Court for the District of New Jersey, all "Corporate Alliance" customers of Defendants, Defendants, and all current directors, officers or employees of Defendants.

21.     KCC is hereby appointed to serve as the Claims Administrator and shall be responsible for administering the settlement in accordance with the terms of the Settlement Agreement.

22.     The costs of administering the settlement, including, but not limited to, the Claims Administrator's Fees and Costs of Administration, shall be paid exclusively by Defendants with funds not included in the Total Settlement Fund, as described in the Settlement Agreement.

23.     The Court approves the proposed form and method of Notices as set forth in the Settlement Agreement as fair, adequate, reasonable, and finds that the Notices comply with Fed. R. Civ. P. 23(c)(2)(B) and due process and is the best notice practicable under the circumstances.

24.     The Court orders that notice of preliminary approval of the Settlement Agreement and opt-out and objection procedures be given by Direct Mail Notice, Publication Notice, and Website Notice as set forth in the Settlement Agreement.  It is further ordered that mutually-agreed-upon, reasonable, and non-substantive changes to the notices may be made without necessity of further order.

25.     Any member of the Settlement Class may elect to be excluded from the Settlement and the Settlement Class.  A Settlement Class Member who desires to opt-out from the Settlement Class must submit a signed request for exclusion in accordance with the terms of the Settlement Agreement.

26.     Any members of the Settlement Class who submit valid and timely requests for exclusion shall have no rights under the Settlement Agreement and shall not be afforded any of the rights or relief described therein.

27.     All members of the Settlement Class who do not submit valid and timely requests for exclusion shall be bound by the terms of the Settlement Agreement and any and all judgments and Orders entered by the Court in connection with the Settlement.

28.     The Court will take no action on the following pending motions:  Plaintiff's Motion to Certify Class [ECF #111] and Defendants' Motion to Strike the Report and Exclude

the Testimony of Plaintiff's Expert Gregory Serio [ECF #121]. Upon entry of a Final Approval Order granting final approval of the class settlement, the Court will deem each of these motions to be moot.

29.     The Court preliminary approves Class Counsel's Fee, Class Counsel's Expenses, and Plaintiff's Incentive Award, conditional and subject to Class Counsel's application for final approval of the Settlement, Class Counsel's Fee and Class Counsel's Expenses, and Plaintiff's Incentive Award. Class Counsel shall file and serve its application for final approval of the Settlement, Class Counsel's Fee and Class Counsel's Expenses, and Plaintiff's Incentive Award, no later than ten (10) days prior to the date of the Final Approval Hearing.

30.     A final hearing on the fairness of the Class Settlement Agreement, any objections thereto, the application for Class Counsel Fees and Expenses and Plaintiff's Incentive Award, certification of the Settlement Class, and entry of a final judgment and order of dismissal is scheduled for _____. This hearing may be adjourned from time to time without further or prior notice by oral announcement or written order of the Court.

31.     Any Settlement Class member may appear at the aforementioned Final Approval Hearing, in person or through counsel (at the Settlement Class member's own expense), and be heard in support of or in opposition to the fairness, reasonableness and adequacy of the proposed Settlement, Class Counsel's Fee and Class Counsel's Expenses, and the Class Representative's Incentive Award. However, no person shall be heard in opposition to the proposed Settlement, fees and awards, and no paper or brief submitted by such person shall be received or considered by the Court, unless such person has timely filed a written objection with the Court, and has sent a copy of that written objection to Class Counsel and Defendants' counsel in the manner set forth in the Settlement Class Notice.

32.     Objections not conforming to the requirements set forth herein and in the Settlement Class Notice shall be stricken and shall not be considered or heard by this Court.

33.     Any Settlement Class member who excludes him/herself from the Settlement Class cannot object to the terms of the Settlement.

34.     In the event that the Settlement Agreement is not approved by the Court, or if approval of the Settlement Agreement, including the entry of this Order or the Final Approval Order and Judgment, is reversed or modified on appeal (except for the modification of Class Counsel's Fee and Class Counsel's Expenses), or any one of the conditions precedent set forth in the Settlement Agreement is not met, then this Order and the final Approval Order and Judgment including but not limited to the provisional class certification entered to effectuate the Settlement Agreement and all findings of fact and conclusions of law therein, shall be automatically dissolved *ab initio* and become null and void and of no force and effect, without further Order of the Court, and in such event all of Defendants *status quo ante* rights to oppose any subsequent efforts by the Plaintiff to certify this action as a class action and all other defenses, rights, and positions shall in all respects be unaffected and preserved, as shall those rights of Plaintiff and each of the Settlement Class members.

_____

Hon. Magistrate Judge Joel Schneider