IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

**You may be eligible for a payment from a class action settlement if you rented a self-storage unit from Uncle Bob's Self Storage ("Uncle Bob's") in the State of New Jersey between January 1, 2011 and March 9, 2016, or purchased property damage insurance offered by a New Jersey Uncle Bob's store between January 1, 2011 and _____, 2017.**

*A court authorized this website.*

**There is a proposed settlement with Sovran Self Storage, Inc. ("Sovran"), Sovran Acquisition, Limited Partnership ("SALP"), and Uncle Bob's Management LLC ("UBM") (collectively "Defendants" and now known as Life Storage, Inc.) and Bader Company in a class action lawsuit pending in the United States District Court for the District of New Jersey.**

**Defendants have agreed to a proposed settlement to create an $8,000,000 fund from which amounts will be paid to Class Members, the Class Representative and his attorneys. Settlement Class Members will be entitled to a payment for having been offered certain agreements, forms and notices and/or insurance that are claimed to violate New Jersey consumer protection laws, subject to certain conditions.**

**Your legal rights are affected whether or not you act.  Read this website carefully.**

3731585

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **DO NOTHING** | If you do nothing, you will remain a member of the Settlement Class(es) and will be mailed a settlement payment. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS(ES)** | If you exclude yourself from the Settlement Class(es) by opting out, you will receive no settlement payment and will not be bound by the proceedings and final disposition of this case. Opting out allows you to file your own lawsuit against Defendants and Bader regarding your self-storage rental transaction.  If you exclude yourself from the Settlement Class(es), you may not object to the proposed settlement. |
| **OBJECT TO THE SETTLEMENT** | To object to the settlement, you must submit your objections in writing by filing them with the Court.  If you submit a timely written objection to the Court as described more fully below, then you may attend a hearing before the Court to argue your objection.  However, you do not have to appear. Your written objection will be considered by the Court |

**These rights and options—and the deadlines to exercise them—are explained in this website.**

**The Court in charge of this case will decide whether to approve the settlement after any objections are considered.  Payments will be made if the Court approves the settlement and after any appeals are resolved.**

**[Insert hyperlinks for each line below]**

**BASIC INFORMATION**
1. Why is the information on this website being posted?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT**
5. How do I know if I am part of the proposed settlement?
6. Who would be entitled to a payment under the proposed settlement?
7. Are there exceptions to being included?

**THE PROPOSED SETTLEMENT BENEFITS—WHAT YOU GET**
8. Are you a Settlement Class Member and how much is your settlement payment?
9. What does the proposed settlement provide?

**HOW YOU GET A PAYMENT**
10. How much will my payment be?
11. How can I get a payment?

12. When would I get my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
13. What am I giving up to get a payment or stay in the Class?
14. How can I get out of the proposed settlement?
15. If I don't exclude myself, can I sue Defendants for the same thing later?
16. If I exclude myself, can I receive a payment?

**THE LAWYERS REPRESENTING YOU**
17. Do I have a lawyer in this case?
18. How will the lawyers be compensated?

**OBJECTING TO THE PROPOSED SETTLEMENT**
19. How can I tell the Court if I don't like the proposed settlement?
20. What's the difference between objecting and opting out?

**THE COURT'S FAIRNESS HEARING**
21. When and where will the Court decide whether to approve the proposed settlement?
22. Do I have to come to the hearing?
23. May I speak at the hearing?

**IF YOU DO NOTHING**
24. What happens if I do nothing at all?

**GETTING MORE INFORMATION**
25. Are there more details about the proposed settlement?
26. How do I get more information?

**BASIC INFORMATION**

1. **Why is the information on this website being posted?**

   **The information on this website is being posted as part of a class action settlement.**

   This website explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

   The Court in charge of the case is the United States District Court for the District of New Jersey and the case is called *Juan Castro, Jr. v. Sovran Self Storage, Inc. t/a Uncle Bob's Self Storage, Sovran Acquisition LP and Uncle Bob's Management LLC,* Civ. Action No. 1:14-cv-06446-RBK-JS.

   The person who sues is called Plaintiff, and the companies they sued, Sovran, SALP and UBM are called the Defendants. These companies are now known as Life Storage, Inc.

**2.     What is this lawsuit about?**

This lawsuit involves claims that certain documents that were presented to consumers in connection with the rental of self-storage units violate certain consumer protection laws. In conjunction with his lease of a self-storage unit at an Uncle Bob's store, Plaintiff initially signed an Uncle Bob's Rental Agreement – New Jersey ("Rental Agreement") and a "Bader Personal Property Insurance Participation Form" (the "Insurance Form") (the form provided property damage coverage by Bader Company ("Bader"), a non-party licensed insurance agent which was placed with PMAIC, an admitted insurer), Plaintiff later signed a Notice to Vacate form upon termination of the lease.

Plaintiff alleges that the Rental Agreement, the Insurance Form, and the Notice to Vacate include provisions that violate the New Jersey Truth-in-Consumer Contract Warranty and Notice Act, N.J.S.A. 56:12-14, *et seq.* ("TCCWNA") and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* ("CFA"). Plaintiff also asserted (i) that Sovran violated the TCCWNA and the CFA by allegedly engaging in the unlicensed sale of insurance; (ii) that Sovran violated the CFA by allegedly failing to provide a copy of the insurance certificate to him; (3) that Defendants violated the CFA because the insurance program allegedly was "phantom coverage" that did not cover mold and mildew-related property losses Plaintiff suffered during the lease; and (4) that Defendants violated the CFA by allegedly charging "inflated" or "unconscionably high" premiums for the property damage insurance.

Defendants have denied these allegations and further deny that the case is maintainable as a class action, but, without admitting any liability, have decided to settle the action.

**3.     Why is this a class action?**

In a class action, one or more people, called Class Representatives, sue on behalf of people who have similar claims. All these people are referred to as the "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. Federal District Court Magistrate Judge Joel Schneider is in charge of this class action.

**4.     Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the risks and costs of a trial, and the people affected will get compensation. The Settlement Class Representative and the attorneys appointed by the Court for the Settlement Classes think the settlement is best for everyone who is a Settlement Class Member.

**WHO IS IN THE SETTLEMENT**

To see if you will get money from this settlement, you first have to decide if you are a class member.

**5.     How do I know if I am part of the proposed settlement?**

If you received this notice, then you are a Class Member.  For purposes of the Proposed Settlement, the Classes consists of all persons who meet the following definitions:

### TCCWNA CLASS

All natural persons who entered into Rental Agreements with Defendants in the State of New Jersey between January 1, 2011 and March 9, 2016.

### CFA CLASS

All natural persons who purchased insurance coverage from Bader Company/PMAIC through Defendants in the State of New Jersey, between January 1, 2011 and the date of preliminary approval of the class settlement.

Persons and entities meeting either of these definitions are called "Settlement Class Members."

**6.     Who would be entitled to a payment under the proposed settlement?**

**You do not need to submit a claim form or any documentation to qualify for a settlement payment if you are a Class Member.  Defendants have already identified all potential Class Members.  All Settlement Class Members will be eligible to receive a settlement payment.**

**7.     Are there exceptions to being included?**

You are not a Settlement Class Member if you are a judge of the United States District Court for the District of New Jersey, a "Corporate Alliance" customer of Defendants, a Defendant, or a director, officer and employee of Defendants.

**8.     Are you a Settlement Class Member and how much is your settlement payment?**

If you are still unsure whether you are a Settlement Class Member and/or want to know how much your settlement payment would be, you can call 1-800-000-0000 to obtain this information.

## THE PROPOSED SETTLEMENT BENEFITS—WHAT YOU GET

**9.     What does the proposed settlement provide?**

Defendants have agreed to create a $8,000,000 Total Settlement Fund, from which claims of Settlement Class Members, the Plaintiff's Incentive Fee, and Class Counsel's Fees and Expenses will be paid.

**10.    How much will my payment be?**

The amount of your refund will vary depending upon the Settlement Class(es) in which you are a member.

If you are a member of the TCCWNA Settlement Class, you will receive an estimated payment of $43.97.  If you are a member of the CFA Settlement Class, your payment will be approximately 33% of the total amount of premiums that you paid for the Bader insurance.  If you are a member of both Settlement Classes, you will receive both payments.

You can determine if you would receive a TCCWNA and/or CFA Settlement Payment by calling 1-800-000-0000 or clicking here [insert hyperlink].

## HOW YOU GET A PAYMENT

**11.    How can I get a payment?**

You do not need to do anything to qualify for a settlement payment if you meet the definition of a Settlement Class Member as has been determined by the Court.

**12.    When would I get my payment?**

The Court will hold a hearing on Month 00, 0000, to decide whether to approve the settlement.  If Judge Schieber approves the settlement, there may be appeals that follow.  That process could take months.

**13.    What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself by opting out, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Sovran, SALP, UBM, Life Storage or Bader regarding the claims in *this* case. It also means that all of the Court's orders will apply to you and legally bind you.  The Settlement Agreement describes exactly the legal claims that you give up by remaining in the Settlement Class.  The Settlement Agreement can be reviewed by clicking here [insert hyperlink] or you can call 1-800-000-0000 to request a copy.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you do not want to be part of this settlement, but you want to keep the right to sue Sovran, SALP, UBM, Life Storage or Bader on your own about the claims in this case, then you must take steps to exclude yourself—or, as it is sometimes referred to, "opt out" of the Settlement Class.

**14.    How do I opt out of the proposed settlement?**

To exclude yourself (or opt out) from the settlement, you must send a letter by mail saying that you want to be excluded from *Juan Castro, Jr. v. Sovran Self Storage, Inc. t/a Uncle Bob's Self Storage, Sovran Acquisition LP and Uncle Bob's Management LLC,* Civ. Action No. 1:14-cv-06446-RBK-JS.  Be sure to include your name, and address (or, in the case of a corporation, partnership, or other business entity, the entity's business name, address and taxpayer identification number), the location of the Uncle Bob's store where you rented your self-storage unit, the date of Rental Agreement, and your signature.  If you elect to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit if you elect to opt-out and be excluded.  You may be able to sue (or continue to sue) Defendants in the future.

Your exclusion request must be postmarked no later than Month 00, 0000, to:
Uncle Bob's Exclusions
P.O. Box 0000
City, ST 00000-0000

You cannot exclude yourself from the Settlement Class by telephone or by e-mail.

**15.    If I do not exclude myself, can I sue Defendants for the same thing later?**

No.  Unless you exclude yourself, you give up the right to sue Sovran, SALP, UBM, Life Storage and Bader for the claims that this settlement resolves.  If you have a pending lawsuit against Defendants, Life Storage or Bader regarding the issues in this case, speak to your lawyer in that lawsuit immediately.  You must exclude yourself from *this* Class to continue your own lawsuit.  Remember, the exclusion deadline is Month 00, 0000.

**16.    If I exclude myself, can I receive a payment?**

No.

## THE LAWYERS REPRESENTING YOU

**17.   Do I have a lawyer in this case?**

Yes.  The Court has appointed the following law firm to represent you and other Class Members:

>Michael A. Galpern, Esq.
>Andrew P. Bell, Esq.
>Charles N. Riley, Esq.
>James A Barry, Esq.
>The Locks Law Firm, LLC
>801 N. Kings Highway
>Cherry Hill, NJ 08034
>Phone: (866) 298-9934

These attorneys and their firm are called Settlement Class Counsel.  You will not be charged personally for these lawyers, but they will ask the Court to award them a fee to be paid out of the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.  You can hire a lawyer to represent you and to consult about this notice and the proposed settlement.

**18.   How will the lawyers be compensated?**

Settlement Class Counsel has asked the Court to award them attorneys' fees of $2,315,000 and expenses of $84,557 from the Total Settlement Fund.  The fees requested would compensate Settlement Class Counsel for their efforts in achieving the settlement for the benefit of the Settlement Classes, and for the risk in undertaking this lawsuit. Settlement Class Counsel has also asked the Court for a payment of $15,000 to the Class Representative, Juan Castro, Jr.  The payment to Plaintiff will also come from the Settlement Fund.

## OBJECTING TO THE PROPOSED SETTLEMENT

You can tell the Court that you believe the proposed settlement is unfair, unreasonable or inadequate.

**19.   How do I tell the Court that I don't like the Proposed Settlement?**

If you're a Class Member, you can object to the settlement and provide reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the proposed settlement of *Juan Castro, Jr. v. Sovran Self Storage, Inc. t/a Uncle Bob's Self Storage, Sovran Acquisition LP and Uncle Bob's Management LLC,* Civ. Action No. 1:14-cv-06446-RBK-JS.  Be sure to include your name, and address (or, in the case of a corporation, partnership, or other business entity, the entity's business name, address and taxpayer identification number), the location of the Uncle Bob's store where you

rented your self-storage unit, the date of Rental Agreement, and your signature. In addition to describing the basis for your objection, please include a list of any witnesses who may be called to testify at the Final Settlement Hearing and copies of any documents upon which you may rely at the hearing. Mail your objection to these three different places postmarked no later than Month 00, 0000:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of Court<br>Mitchell H. Cohen Building & U.S. Courthouse<br>4th & Cooper Streets Room 1050<br>Camden, NJ 08101 | Andrew P. Bell, Esq.<br>The Locks Law Firm, LLC<br>801 N. Kings Highway<br>Cherry Hill, NJ 08034 | Steven P. Benenson, Esq.<br>Porzio, Bromberg & Newman, PC<br>100 Southgate Parkway<br>Morristown, NJ 07962 |

**20.** <u>What's the difference between objecting and opting-out?</u>

Objecting is telling the Court that you believe the settlement is unfair, unreasonable or inadequate. You can object only if you stay in the Settlement Class(es). Opting-out is telling the Court that you do not want to be part of the Settlement Class(es). If you exclude yourself, you cannot object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

**21.** <u>When and where will the Court decide whether to approve the proposed settlement?</u>

The Court will hold a Fairness Hearing at ___ a.m. on Month 00, 0000, at the United States District Court for the District of New Jersey (see question # 19 for the address of the Courthouse). At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are timely objections that comply with the requirements set forth herein, then the Court will consider them. Judge Schneider will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Proposed Settlement, including finally approving payment of Settlement Class Counsel's Fees and Expenses and Incentive Award to Juan Castro, Jr.

**22.** <u>Do I have to come to the hearing?</u>

No. Settlement Class Counsel will answer questions Judge Schneider may have. You are welcome to come at your own expense. If you send an objection, you do not have to come to the

hearing.  As long as you mailed your written objection on time and in compliance with this notice, the Court will consider it.  You may also pay your own lawyer to attend.

**23.    May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must object to the proposed settlement as provided for in question # 19 and further indicate that you wish to appear at the Fairness Hearing.   You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

**24.    What happens if I do nothing at all?**

**You do not need to submit a claim form or any documentation to qualify for a settlement payment if you are a Settlement Class Member.  All Class Members for whom an address can be found will receive a settlement payment.  If you do nothing you will remain a member of the Settlement Class and be subject to and participate in any finally approved settlement.**

## GETTING MORE INFORMATION

**25.    Are there more details about the Proposed Settlement?**

This website summarizes the proposed settlement.  More details are in a Settlement Agreement that has been preliminarily approved by the Court, subject to objections.  You can get a copy of the Settlement Agreement by writing to the Claims Administrator or clicking here.  [insert hyperlink]

**26.    How do I get more information?**

You can call 1-800-0000 toll free or write to Uncle Bob's Settlement, P.O. Box 000, City, ST 00000-0000.