UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JUAN CASTRO, JR., on behalf of himself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOVRAN SELF STORAGE, INC. t/a UNCLE BOB'S SELF STORAGE, SOVRAN ACQUISITION LP; and UNCLE BOB'S MANAGEMENT LLC<br><br>Defendants. | CIVIL ACTION NO. 1:14-cv-06446-RBK-JS<br><br>ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, AWARD OF CLASS COUNSEL'S FEES & EXPENSES AND PLAINTIFF'S INCENTIVE AWARD, ISSUANCE OF SETTLEMENT PAYMENTS AND REVERSION OF UNCLAIMED FUNDS<br><br>*Document Electronically Filed Via ECF System* |

**THIS MATTER** having been opened to the Court upon application by Plaintiff Juan Castro, Jr., as appointed representative of the Settlement Class, for final approval of the Class Action Settlement, Class Counsel's Fee and Class Counsel's Expenses and Plaintiff's Incentive Award. Appearing for the Plaintiff and the Settlement Classes were Michael A. Galpern, Andrew P. Bell, James A. Barry, and Charles N. Riley of the Locks Law Firm. Appearing for Defendants Sovran Self Storage, Inc., Sovran Acquisition, Limited Partnership, and Uncle Bob's Management LLC (collectively "Defendants")(now known as Life Storage, Inc.) were Steven P. Benenson of Porzio, Bromberg & Newman, PC. and Kenneth A. Manning of Phillips Lytle LLP, and it appearing that the parties having consented to the within relief.

After having read and considered the written submissions, and the arguments of counsel, and the Court having held if any, and all papers filed and proceedings in the Action, and for good cause having been shown: a final hearing on June 11, 2018,

1

**THE COURT HEREBY FINDS:**

1. Since the Court held the Preliminary Approval Hearing on February 15, 2018, and made certain findings in its Order Granting Preliminary Approval of Class Settlement, Provisional Certification of Settlement Class, Approval of Notice to Settlement Class and Scheduling Final Approval Hearing ("Preliminary Approval Order") [ECF #162, ¶¶ 1-16], Defendants and their Third Party Administrator, KCC, have complied with and met the milestone deadlines in the Settlement Agreement relating to finalization of the Class Members' list, settlement funding, notification under the Class Action Fairness Act (28 U.S.C. §1715(b)), Direct Mail Notice, Newspaper Notice and Website Notice. KCC further established a toll-free number for its call center for Class Members with questions regarding the settlement.

2. The forms of notice provided to members of the Settlement Class were the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

3. No federal or state officials have requested any additional information regarding the settlement, objected to it or sought to intervene.

4. Class Counsel and/or KCC have received five (5) valid opt-out requests, and no objections to the settlement.

5. Class Counsel's Fees are fair and reasonable, consistent with similar awards, and appropriate given the significant investment made by Class Counsel, the complexity of the case, its duration, the skill and experience of Class Counsel and the substantial risk of non-payment. Class Counsel's Expenses are reasonable and properly documented.

6. The Plaintiff's Incentive Award is fair and reasonable given his role in and contribution to the litigation.

6(a) [handwritten] The parties consented to the jurisdiction of this Court to enter this Order. See November 3, 2017 Order, Doc. No. 142.

3953833

**IT IS THEREFORE ON THIS 11th DAY OF JUNE, 2018 ORDERED AS FOLLOWS:**

7. The application for the final approval of the proposed Class Action Settlement be and hereby is **GRANTED**.

8. Under Rule 23(e) of the Federal Rules of Civil Procedure, the settlement, as embodied in the Settlement Agreement, is finally approved as a fair, reasonable, and adequate settlement in light of the factual, legal, practical, and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms used given the same meanings as in the Settlement Agreement) and is adopted as an Order of this Court. The Settlement Agreement shall govern all issues regarding the settlement and all rights of the parties, including the members of the Settlement Classes.

9. The Settling Parties shall continue to comply with the terms, conditions and schedule in the Class Settlement Agreement.

10. The five opt-outs determined by the Parties to be valid under the Settlement Agreement shall not be considered members of the Settlement Classes or bound by the Release in the Settlement Agreement, and may not receive any benefits of the Settlement.

11. The Final Settlement Date, coinciding with the exhaustion of appeals, is July 11, 2018.

12. The Court approves Class Counsel's Fee of $2.315 million, Class Counsel's Expenses of $84,557, and Plaintiff's Incentive Award of $15,000. KCC shall pay the Class Counsel's Fee, Class Counsel's Expenses and Plaintiff's Incentive Award by wire transfer to Class Counsel's trust account, by July 15, 2018.

13. KCC shall compile and provide the Settling Parties with a final Class Member list by August 10, 2018.

14. KCC shall mail all Settlement Payments to Class Members who have not opted-out by September 9, 2018.

15. KCC shall wire transfer to Defendants all Unclaimed Settlement Funds ~~on or~~ by *JP* January 7, 2019.

16. The Court incorporates by reference the provisions in Section V. of the Class Settlement Agreement relating to the confidentiality of certain materials [ECF #144-2 at p. 26].

17. Plaintiff's Motion to Certify Class [ECF #111] and Defendants' Motion to Strike the Report and Exclude the Report Testimony of Plaintiff's Expert Gregory Serio [ECF #121] are deemed moot.

18. All claims against the Defendants are hereby dismissed on the merits and with prejudice, and the Clerk will enter an Order to that effect. The Order shall be without taxable costs to any Party. The Plaintiff and all Class Members and any person or entity acting on their behalf are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, in any state or federal court, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, asserted or that could be asserted in this case.

19. This Court shall have continuing jurisdiction over the Action solely for purposes of (a) enforcing the Class Settlement Agreement; (b) addressing settlement administration matters; and (c) addressing such post-Final Judgment matters as may be appropriate under court rules or applicable law.

*Joel Schneider, U.S.M.J.*
Hon. Magistrate Judge Joel Schneider

4

3953833